Laird *v.* Taylor.

———————•••———————

## LAIRD *vs.* TAYLOR.

66b 139·
55ad288

To entitle the plaintiff to recover in an action for malicious prosecution he must establish, 1st. That he was prosecuted by the defendant; 2d. That such prosecution has been terminated in the plaintiff's favor; 3d. That it was malicious; and 4th. That it was without probable cause.

Advice of counsel will not, of itself, protect a client from the imputation of malice. To give it that effect, the question must be one of law, or some legal principle must be involved, in order to a proper decision of which the law applicable to the question must be ascertained.

The question of malice is for the jury, and not for the court. If the jury believe that the question submitted was so far one of law that it was proper to submit it to counsel, and that the defendant acted in good faith on the advice given him, it is their province to hold malice not proved.

Property having been stolen from the defendant, he applied to a justice for process to obtain possession of it, at the same time declaring himself satisfied that it was not stolen by the plaintiff, for the reason that the latter was away from home the night it was stolen. He subsequently called again upon the justice, and swore to his belief that the plaintiff stole the property, giving no reason for his change of opinion, other than the advice of counsel, given upon the defendant's statement of the facts to him. *Held*, that the prosecution of the plaintiff for larceny was malicious.

The probable cause, the want of which is required to be proved, in actions for malicious prosecution, relates to the cause for instituting the prosecution— probable cause for believing the accused guilty of the offence imputed to him.

The defendant knew that it was physically impossible for the plaintiff to have

Laird *v.* Taylor.

stolen his property, at the time it was lost. While it was possible for the plaintiff to have gone from Syracuse, where he professed to be spending the night, to a place several miles distant, and there taken the property, yet the defendant did not believe that he left Syracuse, and made no such suggestion, at any stage of the proceedings. *Held* that this fact overcame the presumption of guilt arising from possession; and left no shadow of ground for charging the plaintiff with taking the property.

APPEAL, by the defendant, from a judgment entered upon a verdict, in an action for a malicious prosecution and false imprisonment.

The parties were residents of the town of Elbridge, in the county of Onondaga, about twelve or fourteen miles from Syracuse.

On the 20th of March, 1866, the plaintiff and defendant went to Syracuse to attend a trial, as witnesses. They remained in the city of Syracuse during that night, and until the following evening. They all came, and all returned together. On the night of the 20th one Conway, a man in the employ of the defendant, went by his direction to Memphis, a village near the place of residence of the parties, to meet Taylor, expecting him from Syracuse that night. At Memphis he hitched his team under the shed and waited for the train, but no one came on it and he returned home. When Conway arrived at home, he discovered that the check-reins had been taken while the team was under the shed. Some three or four months afterwards, in the month of July, Taylor discovered, on a pair of Laird's horses, which a workman was driving, a pair of check-reins, which he said were his. He made no effort to take them. On the 11th of July the defendant made an application to a justice of the peace of that town for a warrant to apprehend the plaintiff for stealing these check-reins. At the time he applied for the warrant, he stated to the justice, "that he knew Laird did not steal the property, because he left town with him and went to Syracuse, and they stayed all night at the time this property was taken." Some time prior to this, a search warrant had been issued

Laird *v.* Taylor.

by the justice, on the application of the defendant herein, and a pair of check-reins found on head-stalls of Laird's, hanging in plain sight by an open door of his barn, which Taylor claimed were his long lost ones, and which the justice gave up to him, though no other person beside the defendant and his father could identify them. It also appeared on the trial, that prior to the issuing of the warrant the defendant stated to Pickard, the constable, that the check-reins being found on Laird's premises, he was "going to arrest him, and have satisfaction or some fun, and bring him up before the public." He also stated to the constable, at the same time, that the justice would not issue a warrant without his swearing that he suspected that Laird stole the property, and he knew he did not steal the property, because he was with him in Syracuse at the time the property was stolen, on a law suit. It was proven on the trial, that at the time of the loss of these check-reins Laird was in Syracuse, more than twelve or fourteen miles away, and that Taylor knew he was there. Subsequently, but on the same day, the defendant claimed he "had got more light," which was that he had seen an attorney and made an unqualified affidavit that he suspected that the plaintiff had stolen and taken his property. On the 16th of July the plaintiff was arrested and kept in custody until the evening of the 18th, when he was acquitted and discharged. The defendant sought to justify the arrest and imprisonment, on the ground that he proceeded under the advice of counsel. There was no pretence that the reins were ever in Laird's possession, except the mere constructive possession of hanging in a public place, in an open barn upon his premises.

When the plaintiff rested, the defendant's counsel asked the court that the case be taken from the jury, and the complaint dismissed on the following grounds: 1st. That the whole evidence failed to show a want of probable cause. 2d. That the whole evidence failed

to show any malice on the part of the defendant, but showed that what he did was by the advice of counsel, after having fully and fairly stated his case to him. The court denied the motion, and the defendant's counsel excepted.

The jury found a verdict in favor of the plaintiff for fifty dollars damages.

*John Molloy,* for the appellant.

*Wm. B. Mills,* for the respondent.

*By the Court,* MULLIN, J.    To entitle the plaintiff to recover in this action, he must establish four propositions, viz.: 1st. That he was prosecuted by the defendant.    2d. That such prosecution had been terminated in his (the plaintiff's) favor.    3d. That it was malicious ; and 4th. That it was without probable cause.

It is not denied but he established the first two of these propositions.    And I think the other two are equally well established.

1st. Was malice proved ?    It was shown that there was a law suit pending in the county court of Onondaga county, in which the parties to this action were witnesses.    This cause was tried, at Syracuse, in March, 1866.    The witnesses do not agree whether the trial was completed the same day it began.    But whether it was or not, is not very material as it is established, beyond all doubt, that the plaintiff and defendant remained at Syracuse over one night, and returned home the following day.    The defendant knew the plaintiff stayed at Syracuse over night, and it was during that night the property alleged to be stolen by the plaintiff was lost.

When the defendant first called on the justice for process to obtain possession of the stolen property, he declared himself satisfied that it was not stolen by the plaintiff ; and the reason assigned for so thinking was

the fact that the plaintiff stayed that night at Syracuse. On the same day of the application for process, and after this declaration of the defendant's belief in the innocence of the plaintiff, he calls again on the justice, and then swears to his belief that the plaintiff stole his property. This evidence made it necessary for the defendant to disclose whatever information he may have acquired intermediate the first and second applications for process, which induced him to change his opinion. But no additional facts tending to show the plaintiff's guilt were discovered. The only new light he had obtained was the advice of counsel having no personal knowledge in regard to the matter, and whose advice was given on the facts stated to him by the defendant. Aside from the advice of counsel, there could be no room for doubt but that the charge of larceny was malicious. It was made with full knowledge that the plaintiff not only was not, but so far as the defendant then knew, could not have been, guilty of taking the property.

Advice of counsel will not, of itself, protect a client from the imputation of malice. To enable it to have that effect, the question must be one of law, or some legal principle must be involved, in order to a proper decision of which the law applicable to the question must be ascertained. In such a case, if the client acts in good faith, upon the advice of counsel learned in the law, he cannot be charged with malice.

The question for the defendant to determine was, whether the plaintiff took the property. In the absence of all evidence as to the time and manner of taking, possession of stolen property is presumptive evidence that the person in possession stole it. But when it is known that the one in possession could not have stolen it, then all benefit from the presumption is gone. If the person making the charge of larceny under such circumstances desires to be relieved from the imputation of

malice, he must go to the jury. The question is for them, and not for the court. If they believe that the question was so far one of law that it was proper to submit it to counsel, and that the defendant acted in good faith, on the advice given to him, then it is their province to hold malice not proved. The court could not pass on these questions.

The question of malice was therefore properly submitted to the jury.

2d. Was there a want of probable cause proved?

The probable cause, the want of which is required to be proved, in this class of actions, relates to the cause for instituting the prosecution—probable cause for believing the accused guilty of the offence imputed to him.

The defendant knew that it was physically impossible for the plaintiff to have stolen his property at the time it was lost. While it was possible for the plaintiff to have gone from Syracuse to Memphis and there taken the property, yet the defendant did not believe that he left Syracuse. He never made any such suggestion, at any stage of the proceedings. This fact overcame the presumption of guilt arising from possession, and left no shadow of ground for charging the plaintiff with the taking of the property.

The subsequent conduct of the plaintiff, in reference to the property, adds nothing to the presumption of guilt, but does add weight to the presumption of innocence.

The case was properly submitted to the jury, and the judgment should be affirmed.

[ONONDAGA GENERAL TERM, April 7, 1868. *Foster, Mullin* and *Morgan,* Justices.]