## HENRY J. PATTERSON v. LEVI GARLOCK.

*Malicious prosecution.*

In an action for malicious prosecution, it is admissible as bearing upon the question of malice and probable cause to show the anterior personal relations of the parties, and that the defendant had said he was not personally cognizant of the matters on which he had based the prosecution.

In an action for malicious prosecution for a specific theft it is not admissible to show that plaintiff had committed a different theft.

In an action for malicious prosecution for a specific offense, the plaintiff may, if he chooses, show that he did not commit it, although he need show no more than that there was no probable cause for the proceeding against him.

Error to Clinton.   Submitted Oct. 11.   Decided Oct. 29.

TRESPASS ON THE CASE for malicious prosecution. Defendant brings error.

*Randolph Strickland* for plaintiff in error.

*S. L. Kilbourne* for defendant in error.   Where a

defendant in an action for malicious prosecution puts in issue the truth of the charge on which the prosecution was instituted, evidence that it was not true becomes pertinent, *Sherman v. Kortright,* 52 Barb., 267; *People v. Doyle,* 21 Mich., 221; 2 Greenl. Ev., § 454; evidence is admissible as to what the defendant had said about the charge which he had made on which plaintiff was prosecuted, *Vanderbilt v. Mathis,* 5 Duer, 304; *McKown v. Hunter,* 30 N. Y., 625; *Chambers v. Robinson,* 1 Strange, 691; but it is not admissible to show that plaintiff had committed a different offense, though of the same character, *Newsam v. Carr,* 2 Stark., 69; *People v. Schweitzer,* 23 Mich., 301; 2 Greenl. Ev., § 458.

GRAVES, J.    Patterson accused Garlock on oath before a justice with having stolen tobacco from a store or shop of one Daniels in Watertown, Clinton county, and caused him to be arrested, held and examined before the justice for the alleged offense, and the justice acquitted and discharged him.    Garlock then brought this action and alleged that the prosecution against him was false and malicious.    He recovered a verdict for $135 and Patterson alleges error.

All the objections relate to rulings in regard to the admission of testimony.    No complaint is made of the charge and it does not appear in the record.

There is no force in the objection that the plaintiff should not have been allowed to state that he was arrested.    It had been fully shown already without objection that he was, and it does not appear to have been a matter of dispute.    The inquiry of the plaintiff was simply formal and introductory.    Hence whether it was or was not a competent mode of proof of the fact is not necessary to be decided.    The result could not have been influenced by it.

It was proper to inquire concerning the personal relations existing between the parties antecedent to the criminal complaint.    It was an inquiry which related

directly to the question of malice and might possibly develop a state of facts bearing on the question of probable cause, and the newspaper article written by Patterson in March, 1874, was competent. It tended to show that Patterson held hostile feelings and bore upon that part of the issue relating to motive. The admission made to the prosecuting attorney by Patterson that he was not personally cognizant of any of the facts on which he based his charge was relevant. It belonged to the inquiry whether he had probable cause or not for putting the law in motion.

The refusal of the defendant's offer of proof that Garlock had committed a theft of tobacco from one Davis in 1874 was not error. The sole ground on which the offer is defended is that the proof was competent to affect the amount of damages; and the reason given in its favor is that if Garlock was guilty of that theft, he was entitled to less damage than an honest man. Conceding that the claim for damage made by the action put Garlock's general character in issue, it cannot be maintained however that it involved inquiry or right of inquiry in regard to any separate specific charge. 1 Wharton's Evid., §§ 54, 56 and cases cited.

Garlock was allowed to testify that he did not commit the larceny charged upon him by Patterson, and whether he did or not was submitted to the jury as a separate question. They found that he did not.

Complaint is made of these proceedings. No objection was raised against submitting the point to the jury and no basis exists for charging error against that specific ruling. The evidence of innocence by Garlock is alleged to have been outside of the issue and prejudicial to Patterson. The position is, that the only question was whether Patterson had reason to believe Garlock was guilty, and acted in good faith, and that whether he was actually guilty or not as an abstract proposition was immaterial. It is quite true that Gar-

lock was bound to prove only in this part of the case that there was no probable cause for the proceeding against him by Patterson, and was not bound to go further and make affirmative proof of his actual innocence.

There is, however, no rule of law which precluded him from making that proof. It was not irrelevant, and although it was not an inquiry which the defendant could insist upon, it was still a matter which the plaintiff was at liberty to show as bearing on the point whether the plaintiff had sufficient reason for making the accusation.

It requires no reasoning to show, that where the question is whether one man has fair ground to charge another with a crime, it cannot be laid down that the abstract fact of his guilt or innocence must be necessarily impertinent and immaterial, and no ground is perceived for holding that the plaintiff was forbidden resort to such evidence in aid of his other proof to support his allegation that the accusation by the defendant was destitute of probable cause. The circumstance that the nature of the action did not require of the plaintiff such proof would not seem to be controlling. The case requires no extended remarks. The general doctrine applicable to this form of action has been recently explained quite fully in *Gallaway v. Burr*, 32 Mich., 332; and *Hamilton and Dunning v. Smith*, ante, p. 222.

There is no error, and the judgment is affirmed with costs.

The other Justices concurred.