ANNA M. TURNER, RESPONDENT, *v.* PHILIP H. DINNE-GAR, APPELLANT.

*Malicious prosecution — proof of the guilt of the accused is conclusive evidence of probable cause — when a defendant may show the advice given to him by his attorney.*

In an action for malicious prosecution, proof of the actual guilt of the accused is conclusive evidence of probable cause, and if such proof be made, no action can be sustained by the said accused, however plainly malice may be shown, or however improper may have been the motives of the person instituting the prosecution.

Upon the trial of an action for malicious prosecution, the defendant offered to prove that, before applying for the warrant, he stated all the facts within his knowledge, touching the charge subsequently made, to one Horton, who was an attorney and counselor-at-law, and also a justice of the peace, and sought to show the advice received from him. This evidence was rejected.

*Held,* that the evidence was improperly rejected, and that the fact that Horton was the justice of the peace, to whom the application for the warrant was subsequently made, did not render its rejection proper.

APPEAL from a judgment of the County Court of Columbia county, entered upon the verdict of a jury in favor of the plaintiff, and from an order denying a motion for a new trial made upon the judge's minutes.

The action was brought to recover damages for an alleged malicious prosecution and false imprisonment.

*Newkirk & Chace*, for the appellant.

*Charles L. Beale* and *Cornelius Esselstyn*, for the respondent.

BOARDMAN, J. :

The plaintiff recovered in an action for false imprisonment and malicious prosecution. Upon the appeal by the defendant from the judgment and from the order denying a new trial many exceptions are urged upon our consideration. It will be necessary to notice but one or two of them. The charge contained the following : " The fact that an offence was committed does not necessarily justify the defendant." This language of the charge was excepted to by defendant. The court, by this and other language used in the charge, intended to have the jury understand that a person guilty of a crime might sustain an action for malicious prosecution or false imprisonment against one who should institute criminal proceedings against him therefor. We do not so understand the law. [Actual guilt is conclusive evidence of probable cause.] The action in such case cannot be sustained, however much malice may be shown or however improper may have been the motives for the prosecution. (*Miller* v. *Milligan*, 48 Barb., 30; *Hall* v. *Suydam*, 6 id., 83, 86; 1 Hilliard on Torts [3d ed.], 427, 428; *Thompson* v. *Lumley*, 1 Abb. [N. C.], 254, affirmed in Ct. of Ap., 64 N. Y., 631; *Jennings* v. *Davidson*, 13 Hun, 393; *Fagnan* v. *Knox*, 66 N. Y., 525, 528; 2 Greenl. Ev., §§ 453, 454.)

There are cases in which actions may be maintained for the misuse or abuse of legal process, but it is not pretended this is of that class.

We think there was error also in refusing to allow the defendant to show the advice he received from Horton before the warrant was applied for. It appears defendant stated all the facts

within his knowledge touching the charge afterwards made against the plaintiff to Mr. Horton, who was an attorney and counsclor as well as a justice of the peace. The advice given by Mr. Horton after such statement was competent evidence. The force and effect of the evidence, as well as the good faith of the defendant were considerations for the jury. (2 Greenl. Ev., § 459; *Richardson* v. *Virtue*, 2 Hun, 208; *Laird* v. *Taylor*, 66 Barb., 139.)

This evidence was first rejected upon the ground that defendant had not used due and reasonable diligence to ascertain the facts and circumstances before making his statement to Horton. This, however, seems to have been waived or disregarded, and the ground finally relied upon was that Horton was both an attorney and a justice of the peace, and that such fact was inconsistent with the claim that Horton was acting as counsel for defendant in the same case in which he acted as justice immediately thereafter. No case is cited to sustain this conclusion, nor is any reason given why advice so obtained may not fairly go before the jury upon the question of good faith and absence of malice.

In the two respects above stated we conclude errors occurred which must lead to a new trial. It will be therefore needless to consider the multitude of other exceptions embraced in the case. All or nearly all of them may be obviated upon the new trial.

The judgment and order appealed from must be reversed and a new trial granted, with costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.