[No. 5395.   Decided January 26, 1905.]

GEORGE R. KERSTETTER *et al., Respondents,* v. EMIL W. THOMAS, *Appellant.*[1]

MALICIOUS PROSECUTION—CHARGE OF DISORDERLY CONDUCT—DEFENSE OF INTOXICATION—EVIDENCE IN REBUTTAL.  In an action for the malicious prosecution and arrest of plaintiff upon a charge of disorderly conduct, it is not necessary for the plaintiff to prove that he was not intoxicated at the time of his alleged violation of the ordinance, and where the question of such intoxication is raised by the testimony of the defendant, it is not error to permit the plaintiff to rebut it.

MALICIOUS PROSECUTION—DEFENSES—DISCHARGE — JURISDICTION OF JUSTICE OF THE PEACE — CHANGE OF VENUE — TRANSCRIPT OF DOCKET—EVIDENCE.  In an action for a malicious prosecution of a charge before a justice of the peace, where a change of venue was had to the next nearest justice, the transcript of the docket, showing plaintiff's discharge, is properly admitted in evidence, where sufficient appears to show that such justice had acquired jurisdiction of the case.

SAME—COMPLAINT—SUFFICIENCY—OBJECTIONS FIRST MADE IN SUPREME COURT.  In an action for the malicious prosecution of a charge before a justice of the peace, where a change of venue is had to one who is admitted to be the next nearest justice, the complaint cannot be objected to for the first time in the supreme court on the ground that it did not set forth the facts showing the jurisdiction of the last justice, where the properly certified records of the justices show the transfer was regularly made, technical accuracy not being required.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered March 24, 1904, upon findings in favor of the plaintiff, in an action for malicious prosecution, after a trial on the merits before the court without a jury.  Affirmed.

*George Dysart* and *Forney & Ponder,* for appellant.

*'rank Burch,* for respondents.

[1]Reported in 79 Pac. 290.

Dunbar, J.—This is a case brought by plaintiffs to recover damages for alleged malicious prosecution growing out of a criminal action wherein the appellant was the complaining witness. Upon the making and filing of a complaint before a justice of the peace, he issued a warrant for the arrest of the respondent, upon which the respondent was arrested and brought before the justice. He then filed his affidavit for a change of venue, which change of venue was granted, and the case transferred to E. K. Green, a justice of the peace in and for Clark precinct, Lewis county, Washington. The papers were duly transferred to Justice Green by Justice Miller, who was the police justice of the city of Centralia before whom the case was commenced. Upon receipt thereof, Justice Green docketed the case, and set the case for trial. Notice was issued to all the parties, including the prosecuting witness, notifying them of the place and time of the trial, and said notice was duly served and return thereof made. On the 17th day of June, 1903, the day of the trial, respondent appeared, and, after waiting a legal period of time, and no complaining witness appearing, and no one appearing on behalf of the prosecution, Justice Green dismissed the action for want of prosecution, and discharged the defendant, who is the respondent herein.

This action was commenced against the appellant to recover the sum of $2,065 damages, and was tried before the court sitting without a jury. After hearing the evidence, the court gave judgment for the respondent, against appellant, for the sum of $30 and costs.

It is assigned as error that the court erred in making certain findings of fact and conclusions of law drawn therefrom, and in refusing to find in accordance with the motion of the appellant. The fifth assignment is that

the court erred in admitting the testimony of Mrs. Ker-
stetter, in rebuttal, over the objections of defendant, in
regard to the drunkenness of plaintiff, and it is alleged
by the appellant that this testimony should have been ex-
cluded, under the rule in *Noblett v. Bartsch,* 31 Wash.
24, 71 Pac. 551.    We do not understand that that case
affects the question in controversy.    *Noblett v. Bartsch*
simply decided the fact that the fact that plaintiff, in an
action for malicious prosecution, had been discharged·
from a criminal charge without a trial upon the merits,
while sufficient to make a prima facie case, would not
shift the burden of proof, in an action for damages, to the
defendants.    It was not necessary in this case to prove,
in the original action, that the plaintiff was not intoxi-
cated at the time of the alleged complaint filed by the
defendant in this action.    He may have been guilty of
disorderly conduct, and have been perfectly sober, or he
may have been intoxicated at that time, and not have
been guilty of any disorderly conduct; and it was not
necessary to prove affirmatively, for the purpose of mak-
ing it a defense to the charge against him—which was
one of disorderly conduct—that he was not at that time
intoxicated.    This was a matter which was raised by the
testimony of the defendant in this case, and the plaintiff
had a right to rebut it.

It is also objected that the court erred in receiving in
evidence exhibit number 1, which relates to the proceed-
ings of justice of the peace Green.    It is insisted that
this testimony was not material, from the fact that it
did not show that the cause was transferred to Green, or
that, when he acted to dismiss the case, he was holding
court within his precinct.    The testimony objected to, we
think, was properly admitted.    It is simply a transcript

of the docket of the court, setting forth the proceedings of the court generally, and sufficient is shown, we think, to show that the court had jurisdiction.

Upon this, also, is based the contention that the complaint did not state a cause of action, in that it did not set forth jurisdictional facts which conferred jurisdiction upon Green, justice of the peace, to take cognizance of and determine the action in the city of Centralia. The jurisdiction of this case, it seems to us, is completely made up. The jurisdictional fact that Green was the justice of the peace in Centralia precinct was admitted upon the trial, and proof was not required. But the properly certified record of Justice Miller shows that the cause was transferred to Justice Green, who was the next nearest justice of the peace. The record seems to us to be, in all things, regular. The law does not require that the records of the justice of the peace shall be kept with that technical accuracy that is demanded of courts of record of common law jurisdiction. The complaint is the ordinary complaint in such cases. No demurrer was interposed to the complaint, and the record as a whole shows that the case was regularly transferred on motion for a change of venue; besides, this question as to the insufficiency of the complaint is raised for the first time here. We think the complaint is ample to sustain the judgment, and, even if there had been some irregularities in the complaint—which we are unable to discover—it is too late now for the respondent to take advantage of them. It was said in *Parli v. Reed*, 30 Kan. 534, 2 Pac. 635, in a case written by Justice Brewer, who is now a member of the supreme court of the United States, that,

"Where a party files a complaint upon which he causes the arrest of another for an alleged crime, it is no defense to an action for malicious prosecution that the complaint

was technically defective. So long as it was treated by the justice and officers as sufficient, and the defendant in fact arrested thereon, the party filing it is estopped from questioning its sufficiency."

The other assignments go to the sufficiency of the testimony to sustain the findings of fact. An examination of the record satisfies us that the facts were properly found, and that the conclusions of law are sustained by the facts. The judgment is affirmed.

MOUNT, C. J., and HADLEY and FULLERTON, JJ., concur.