# CHARLESTON.

JEROME GOODMAN, WHO SUES, ETC., *v.* D. M. KLEIN.

Submitted October 19, 1920.   Decided October 26, 1920.

1. MALICIOUS PROSECUTION—*Evidence of Knowledge of Innocence of Accused Competent.*

    In an action for malicious prosecution it is competent for the plaintiff to show that no crime had been committed by him, and that the defendant knew it.   (p. 295).

2. EVIDENCE—*Evidence of Intention or Motive Competent.*

    In an action for malicious prosecution the defendant may be allowed to testify as to his intention or motive in setting on foot the alleged malicious prosecution.   (p. 296).

3. MALICIOUS PROSECUTION—*Evidence of Conduct Held Admissible to Show Malice.*

    In an action for malicious prosecution it is proper for the plaintiff to show, as tending to prove malice upon the part of the defendant, that after the prosecution was set on foot by him a statement was made in his presence by another party, and undenied by him, that he was advised before the warrant was issued that there was no basis for the prosecution, but that he persisted therein and demanded that a warrant be issued upon the complaint made by him.   (p. 297).

4. SAME—*Proper Charge on Punitive Damages.*

    In an action for malicious prosecution it is proper to instruct the jury that in case they find that the defendant acted

87 W. Va.

with malice toward the plaintiff, or with reckless and wanton disregard of his rights, they may allow punitive or exemplary damages in excess of what would compensate the plaintiff for the injury actually sustained, to punish the defendant, and to deter others from committing like offenses, provided the compensatory damages found by the jury are not sufficient for such punitive or exemplary purpose; and in case they do find that the compensatory damages are insufficient for such purpose, then they may add only such additional amount as taken together with the compensatory damages will be sufficient therefor.   (p. 297).

5.   SAME—*Probable Cause Question for Court.*

In an action for malicious prosecution, where the facts are conceded, or undisputed, it is for the court to say whether or not there was probable cause for the institution of the prosecution.   (p. 298).

6.   SAME—*Malice Question for Court*

In an action for malicious prosecution, where the facts are in dispute, or where, if conceded, an inference could be drawn consistent with the defendant's innocence of a malicious purpose, the question of whether or not he acted maliciously will be for the jury. Where, however, the facts are undisputed, and the sole motive actuating the defendant, as admitted by him, was an improper and wrongful one, there is made a *prima facie* case of malice, and if this is not rebutted the court should instruct the jury that the plaintiff is entitled to recover. (p. 298).

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Wyoming County.

Action by Jerome Goodman, who sues, etc., against D. M. Klein.   Verdict and judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Anderson, Strother, Hughes & Curd,* for plaintiff in error.

RITZ, JUDGE:

To review a judgment of the circuit court of Wyoming county rendered upon the verdict of a jury in an action for malicious prosecution, this writ of error is prosecuted.

The defendant David M. Klein was engaged in the mercantile business in the town of Mullens, in Wyoming county, occupying

during the early part of the year 1918 for that purpose a store-room owned by the Mullens Realty Company. In August or September of that year he rented a new building in which to carry on his mercantile business, and in November notified his landlord that he would move into the new building. The landlord thereupon rented the old building to E. H. Lopinsky, who desired to engage in the same class of mercantile business, at the town of Mullens, in which Klein was engaged. When Klein discovered, early in December or the latter part of November, that Lopinsky had rented the building he wrote to his landlord claiming that he was entitled to retain the building if he desired; that he was only willing to give it up upon the theory that it was to be occupied for a drugstore, and not as a dry goods and clothing store; and insisted that he be allowed to have the building; and agreeing to pay double the rent he had theretofore been paying for the same. The landlord immediately wrote to him advising that his request could not be complied with, inasmuch as he had already made a contract with Lopinsky under the belief that he, Klein, did not longer want the building. Lopinsky shipped a carload of merchandise to Mullens for the purpose of opening up his store. It arrived there on the 11th day of December. He also sent to Mullens on that day four of his employes for the purpose of opening up the store, unloading the merchandise, and placing it therein. The plaintiff, a boy of sixteen years of age, was one of these employes. The party, however, was in charge of Harry Klein. When they arrived at Mullens Harry Klein met the defendant and asked for the key to the storeroom. He was informed that he could not have it, and he thereupon informed the defendant that if he could not get the key to enter the room he would have to break it open; that he intended to open up in the storeroom on that day; and the defendant thereupon advised him that if he did enter the storeroom he would give him serious trouble. Lopinsky's agent Klien thereupon went to an agent of the landlord in the town of Mullens and informed him of the above facts, and after communicating with his principal in Huntington, West Virginia, this agent instructed Harry Klein to enter the building by breaking the lock, if he could not secure a key. On re-

ceiving these instructions Klein sent the plaintiff Goodman out in the town to secure some trucks for the purpose of unloading the goods, and while plaintiff was engaged in doing this Klein went to a hardware store, bought a glass cutter, cut out the glass in one of the doors, unlocked the yale lock on the inside, and entered the room. Thereafter all four of Lopinsky's employes entered the room and began to clean it up and put it in condition to receive the stock of goods. The defendant, observing that these parties were in the storeroom, went before a justice of the peace and made complaint under oath against them, charging that they did unlawfully and feloniously break and enter, in the daytime, the said storeroom, with intent to steal, take and carry away his goods and chattels, and upon this complaint the justice issued a warrant for each of Lopinsky's employees, including the plaintiff, upon which they were arrested and brought before said justice. It appears that they requested the justice to delay proceedings upon the warrants until the next day, when they could be represented by an attorney, and they were discharged until the next day on their own recognizances. The next day they appeared before the justice with their attorney, and were informed that they had waived an examination before the justice, and would have to give bond to answer any indictment that the grand jury might make against them. The justice was requested to conduct a preliminary examination, but declined to do so. Plaintiff thereupon entered into a recognizance to answer any indictment that might be found against him by the grand jury. In discharge of this recognizance he appeared at Pineville, the county seat of Wyoming county, at the February term of the court. At this term there was no grand jury summoned, and he was required to enter into a new recognizance to appear at the next term. This he did. He appeared at the next term, and the grand jury failing to make an indictment, he was discharged, and this action for malicious prosecution was thereupon instituted against David M. Klein, a trial of which resulted in a verdict in favor of the defendant, and a judgment of *nil capiat* thereon.

Several assignments of error are based upon the action of the court below in the admission and rejection of evidence. Upon

the trial Harry Klein, the employe of Lopinsky who was in charge of the business at Mullens, was asked whether or not the plaintiff Goodman broke into the store, and whether or not he stole anything belonging to the defendant therein. The court declined to allow him to answer these questions, although it is avowed that he would have answered that the plaintiff did not break into the store, and that D. M. Klein knew that he did not, and that the plaintiff did not take any of defendant's goods. In an action for malicious prosecution it is always competent for the plaintiff to prove that there was in fact no crime committed. The charge made against the plaintiff here was that he broke into a storeroom of the defendant with the intention of taking, stealing and carrying away the defendant's property. Surely evidence that he did not in fact break into the storeroom at all, did not steal any of the defendant's property, and that the defendant knew this at the time he swore out the warrant, would be the strongest kind of evidence indicating that he was not guilty of the offense charged, and that the defendant knew he was not. 8 Enc. of Evidence, p. 405. This observation applies to other evidence of similar character which was offered and rejected.

The defendant Klein was also permitted to say that he did not know what sort of warrant the justice was issuing, and to state that he had no malice or ill will toward the plaintiff. As to his statement that he did not know what sort of warrant the justice was issuing certainly the jury could give to it very little credence, for he states, and it is shown in the record, that he made a complaint in writing before the justice, signed it, and swore to it, in which he charged that the plaintiff in this suit broke into his storeroom in the daytime with the intention of taking, stealing and carrying away his property. After having made this sort of complaint he could not expect the justice to issue a warrant for anything except the offense which he charged in the complaint, and the fact that he may not actually have known by reading the warrant what it contained could not be material. He did make the complaint in writing under oath upon which the warrant was issued, and the warrant was issued for the very offense with which he charged the plaintiff in that

complaint. As to his statement that he had no malice or ill feeling toward the plaintiff, it would seem that it was proper for him to so testify. 8 Enc. of Evidence, p. 407; Newel on Malicious Prosecution, p. 242. .

Exception is also taken to the action of the court in refusing to permit the introduction in evidence of an advertisement inserted in a newspaper by the defendant in regard to his removal from the building in question. We cannot say whether the action of the court in this regard was correct or not. The advertisement offered in evidence does not appear in the record, and being unadvised as to what it contained we are unable to say whether or not it was competent or material. *Davis* v. *Lumber Co.,* 85 W. Va. 191, 101 S. E. 447.

The court refused to permit the plaintiff to show that on the day following his arrest, when the parties, including the defendant, were congregated in the office of the justice, the justice stated in the presence of the defendant that he had informed him when he procured the warrant upon which the arrest was made that the facts did not justify making the complaint that he did, or the issuing of the warrant that he asked for, but that the defendant insisted upon having a felony warrant issued for the plaintiff instead of a warrant for trespass, as the justice advised, which statement, although made in the presence of the defendant and in his hearing, was not denied by him. This evidence certainly had a strong tendency to prove that the defendant was actuated by malice in making the complaint against the plaintiff, and any evidence which tends to prove express malice, such as statements made by the defendant, or statements made in his presence, and undenied by him, in regard to the transaction, which have a bearing upon his conduct, are proper. 8 Enc. of Evidence, § 405.

The action of the court in refusing to give to the jury an instruction offered by the plaintiff is also assigned as error. This instruction told the jury that under the evidence they should find for the plaintiff and assess his damages at such amount as they thought sufficient to compensate him for the injuries sustained, and, further, if they found that the defendant in causing the plaintiff's arrest was actuated by malice, that his acts were

wanton and willful, they might find an additional sum by way of exemplary or punitive damages to punish the defendant, and to deter others from committing like offenses. This instruction was properly rejected for the reason that the rule as to the allowance of punitive or exemplary damages is not correctly stated. The correct rule for the allowance of exemplary damages is that if the jury determine that the acts complained of are malicious or wanton, and in reckless disregard of the plaintiff's rights, they may allow exemplary damages for such amount as taken together with the actual damages will be sufficient to punish the defendant and deter others from committing like offenses. *Pendleton* v. *Ry. Co.,* 82 W. Va. 270. In this case the plaintiff showed that he had employed an attorney, and had incurred an expense of two hundred dollars on that account, and that he had spent fifty dollars in going to the county seat of Wyoming county in discharge of the recognizances that he was required to enter into. If the jury had found for the plaintiff and allowed him these amounts as compensatory damages, and believed that the same would be sufficient to punish the defendant without adding anything by way of punitive damages, that should have been their verdict. Under the instruction, however, if they decided that it was a proper case for punitive damages, they would be allowed to add to the actual damages an additional amount for punitive and exemplary purposes. The addition of anything to the actual damages by way of punishment is only permissible when the actual damages are not sufficient for the purpose, and then only to the extent that is necessary to make the total amount of the verdict sufficient therefor. Had the instruction correctly stated the law in this regard, it should have been given.

In this case, the effect of the defendant's testimony is to admit that he knew at the time he made the complaint that the plaintiff entered the storeroom under a claim that he was entitled to do so, and not for any unlawful or felonious purpose, and he says that his only purpose in making the complaint and having the warrant issued was to get the parties out of the storeroom. With full knowledge of these facts he went before a justice and made affidavit to a false complaint. In these suits for

malicious prosecution it is quite true that both want of probable cause and malice must concur. There is no question here of want of probable cause. The warrant was issued without any cause, or without the slightest suspicion that a criminal offense had been committed. When the facts are conceded, or are not in dispute, whether or not they constitute probable cause is a question of law for the court. *Bailey* v. *Gollehon,* 76 W. Va. 322. The question of whether or not the defendant was actuated by malice in instituting a criminal prosecution is in nearly all cases one for the jury. In fact it is stated in *Vinal* v. *Core,* 18 W. Va. 1, that whether particular facts admitted, or undisputed or assumed, do or do not constitute malice, is exclusively for the jury. This statement is perhaps broader than is justified. There may be cases in which no inference can be drawn from the evidence proven except that the defendant was actuated by malice. In such a case a verdict in favor of the defendant could not be sustained. There are many cases which hold that the evidence of want of probable cause and of intentional wrongdoing may be so clear as to authorize the court to hold that certain undisputed facts establish a *prima facie* case warranting a verdict unless rebutted. Newel on Malicious Prosecution, p. 248. In *Travis* v. *Smith,* 1 Pa. St. 234, it is held that where one acts wantonly or wickedly in charging another with a crime, malice is conclusively presumed. *Laird* v. *Taylor,* 66 Barb. 139; *Bartlett* v. *Hawley,* 38 Minn. 308. It is true that very few cases arise in which it may be said as matter of law that the defendant is guilty of malice, but where for the sole purpose of acquiring possession of property he makes a complaint which he knows to be false at the time against an innocent party, and causes him to be arrested, we do not hesitate to say that malice has been shown, and that a verdict for the defendant should not be allowed to stand; and under our holdings, if the court would not permit a verdict for the defendant to stand he should, upon application, give an instruction to the jury to find for the opposite party. Under the evidence as this record presents it, the verdict, which in effect found the defendant not guilty of entertaining malice toward the plaintiff, cannot be allowed to stand.

Our conclusion, therefore, is to reverse the judgment of the circuit court of Wyoming county, set aside the verdict of the jury, and remand the cause for a new trial.

*Reversed and remanded.*