Argued April 13, affirmed May 17, 1927.

# EARL ALLEN v. WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY, INC.

### (256 Pac. 197.)

**Trial—Instruction That Weaker Evidence Should be Viewed With Distrust Where Stronger Evidence was Available Held not Error, in Action for Malicious Prosecution and False Imprisonment.**

1. Instruction that weaker evidence, introduced where stronger evidence was within power of party introducing it, should be viewed with distrust *held* not erroneously given, in action for malicious prosecution and false imprisonment against detective agency, where agent making investigation was not called as witness.

**False Imprisonment—Agent's Report, Though Made After Arrest, Held Admissible in Action Against Detective Agency for False Imprisonment.**

2. In action against detective agency for malicious prosecution and false imprisonment, agent's report, if it contained matter which would show there was no reasonable ground for believing plaintiff committed crime, was admissible, though made after arrest.

**False Imprisonment — Evidence of Innocence Held Admissible to Prove Want of Probable Cause for Arrest.**

3. In action against detective agency for false imprisonment on charge of forging check, testimony introduced to prove plaintiff's innocence of crime charged *held* admissible to show want of probable cause for arrest; question whether plaintiff forged particular check being issue under pleadings.

**False Imprisonment—Dismissal of Forgery Charge was Prima Facie Evidence of Want of Probable Cause for Arrest.**

4. In action for false imprisonment, dismissal of forgery charge in municipal court was *prima facie* evidence of want of probable cause.

**False Imprisonment—Probable Cause is Based on Honest and Reasonable Belief in Existence of Facts Reported.**

5. Probable cause does not depend upon guilt or actual existence of reported facts, but is based upon an honest and reasonable belief in their existence.

---

4. Evidence of result of criminal prosecution in action for false imprisonment, see note in 1 Ann. Cas. 926. Necessity of showing termination of prosecution in action for false imprisonment, see note in 25 A. L. R. 1518.

5. Want of probable cause as element of action for false imprisonment, see note in 19 A. L. R. 671.

Appeal and Error—Instruction That Jury Should Consider Whether Third Parties had Been Informed That Person Differently Described from Plaintiff Passed Forged Checks Held not Prejudicial, in Action for False Imprisonment.

6. In action against detective agency for false imprisonment on charge of forgery, instruction that jury should consider whether information was given third parties that man of different description had also passed forged checks, though abstract, *held* not prejudicial, in view of entire charge.

False Imprisonment—"Probable Cause" Requires Honest Belief as to Commission of Crime, Based on Reasonable Grounds.

7. To constitute "probable cause," defendant must have honestly believed statements made to him relative to commission of crime and must have entertained such belief on reasonable grounds.

---

Appeal and Error, 4 C. J., p. 1029, n. 30, p. 1033, n. 37, p. 1167, n. 95, p. 1173, n. 70, p. 1174' n. 83.

False Imprisonment, 25 C. J., p. 471, n. 2, 5, 6, 8, p. 472, n. 15, p. 473, n. 22, p. 544, n. 84 New, p. 547, n. 22, p. 551, n. 66.

Malicious prosecution, 38 C. J., p. 403, n. 46, 51, p. 408, n. 13, p. 409, n. 19, 20, 25, p. 410, n. 26, p. 489, n. 50, 51, 55, p. 513, n. 29.

Trial, 38 Cyc., p. 1779, n. 75, 76, p. 1784, n. 86.

From Multnomah: J. U. CAMPBELL, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Joseph, Haney & Littlefield,* with an oral argument by *Mr. John C. Veatch.*

For respondent there was a brief and oral argument by *Mr. M. O. Wilkins.*

BELT, J.—This is an action to recover damages for false imprisonment and malicious prosecution. It arose as follows:

. In the month of July, 1924, a certain check purported to have been signed by Chas. Meeks was drawn on the Hartman & Thompson Bank of Portland, Oregon, for the sum of $10, payable to the order of R. Alleans. It was cashed by S. M. Barrigar. When

the check reached the bank upon which it was drawn it was pronounced a forgery and the matter referred to the defendant, William J. Burns International Detective Agency, for investigation. The detective agency obtained from Barrigar a description of the man who had passed the forged check. Further investigation revealed that the plaintiff, who, according to defendant, answered the description of the man who had passed the check on Barrigar, had made a written application for work at the Flora Logging Company near Carlton, in Yamhill County, Oregon. The Burns Agency thereupon sent to the Flora Logging Company an operative and agent named Wilt to make an investigation. The plaintiff was located at that place, put under arrest on the charge of forgery and brought to McMinnville, where he was confined in the city jail overnight while *en route* to Portland. Upon arrival in Portland he was taken to the office of the Burns Detective Agency and subjected to examination by a self-constituted inquisitorial body. He was not taken before a magistrate as the law requires. He was searched and obliged to make specimens of his handwriting for the purpose of comparison. Barrigar was called to the office and identified him as the man who had passed the check. Upon this identification, plaintiff was placed in the custody of Officer Swennes of the Portland police department and taken to the station. There Barrigar filed a complaint in the Municipal Court charging him with the crime of making, uttering and publishing a forged check. Upon hearing, the complaint was dismissed and plaintiff discharged from custody. Thereupon this proceeding was instituted.

To the two causes of action alleged in the complaint, namely, false imprisonment and malicious

prosecution, the defendant, Burns Agency answered in substance that the felony of uttering and publishing as true and genuine a forged check had been committed and that it had reasonable grounds for believing, and did believe, that plaintiff was guilty. Defendant alleged that on account thereof it caused him to be arrested as alleged in the complaint.

Upon trial a verdict was returned in favor of defendant Barrigar on both causes of action and for the defendant Burns Detective Agency on the cause for malicious prosecution, but the jury found against the latter in the sum of $4,000 on the charge of false imprisonment. Defendant, Burns Agency, appeals.

1. Error is predicated on the giving of the following statutory instruction:

"Evidence is to be valued not only by its own intrinsic weight, but also by that which is within the power of one party to produce and the other party to contradict or deny; and if in this case you find that the weaker or less satisfactory was introduced when it appears that stronger was within the power of the party introducing the same, the evidence offered should be viewed with distrust."

2. During the course of trial, plaintiff made a motion to require the defendant to produce a certain written report made by Wilt relative to the investigation made at the Flora Logging Camp, but upon objection thereto it was denied. It is now insisted that the instruction given was based solely upon the failure of the defendant to produce copies of this report which contained, among other things, a description of the man supposed to have passed the forged check. We think the instruction was not subject to this criticism. It was general in its terms and applied equally to plaintiff and the defendant. It was not abstract

in that Wilt, who as agent for the detective agency undoubtedly could have thrown much light upon this controversy, was not called as a witness nor was any explanation given by defendant for its failure so to do. In fact the ruling of the court denying the motion to require defendant to produce copy of the written report was more favorable to defendant than the law warrants. The fact that this report was made after the arrest did not render it inadmissible. The arrest in the instant case was the first step of the false imprisonment. If the report contained matter which would show there were no reasonable grounds for believing that the plaintiff had committed the crime charged, we can see no good reason for excluding it. Defendant has no cause to complain on this assignment.

3. It is charged that error was committed in permitting plaintiff to make specimens of his handwriting for the purpose of comparison and also in allowing an expert witness to testify that, in his opinion, plaintiff did not write the check in question. We think this evidence was admissible. It is argued that defendant did not charge plaintiff with the crime of forgery and hence this testimony had no relevancy. It is also urged that defendant's liability must be determined by the information which it had relative to plaintiff's handwriting prior to the time the arrest was made. In the complaint, it is alleged that plaintiff was charged by defendant with the crime of making, uttering and publishing a forged check and there was evidence tending to prove the same. When Wilt made the arrest, in response to the question by plaintiff, "What is the charge?" he answered, "It is forgery." Plaintiff testified that, while in the office of the defendant, Mr. Finan, its resident man-

ager, said to Swennes, the police officer, ''Here is this man that forged those checks.'' It is true that defendant in its answer only charges plaintiff with having uttered and published the check in question, but this would not preclude plaintiff from offering evidence to establish his theory of the case.

4, 5. It would be a complete defense to show that plaintiff forged the check in question. Was evidence admissible to establish his innocence? The dismissal of the charge in the Municipal Court was *prima facie* evidence of a want of probable cause, but could not plaintiff further strengthen his cause by showing, in addition to the finding of the court, that he was innocent? It was the theory of the plaintiff that he did not commit the crime charged and that defendant had no reason to believe that he did. He thereby tendered an issue as to his innocence. Probable cause does not depend upon guilt or the actual existence of reported facts but is based upon an honest and reasonable belief in their existence. It would seem, therefore, that the innocence of the person charged with a crime is not irrelevant, although there are authorities which so hold: *Turner* v. *O'Brien,* 11 Neb. 108 (7 N. W. 850); *Stubbs* v. *Mulholland,* 168 Mo. 47 (67 S. W. 650). The overwhelming weight of authority, however, is to the contrary, and in keeping with the ruling of the trial court: *Patterson* v. *Garlock,* 39 Mich. 447; *Goodman* v. *Klein,* 87 W. Va. 292 (104 S. E. 726); *Kerstetter* v. *Thomas,* 36 Wash. 620 (79 Pac. 290); 38 C. J. 489. The court in *Ohrenberger* v. *Railroad Co.,* 224 Mich. 428 (195 N. W. 85), well said:

''It requires no reasoning to show, that where the question is whether one man has fair ground to charge another with a crime, it cannot be laid down

121 Or.—32

that the abstract fact of his guilt or innocence must be necessarily impertinent and immaterial, and no ground is perceived for holding that the plaintiff was forbidden resort to such evidence in aid of his other proof to support his allegation that the accusation by the defendant was destitute of probable cause. The circumstances that the nature of the action did not require of the plaintiff such proof would not seem to be controlling."

6, 7. Defendant excepts to that part of the following instruction which is italicized.

."Now, I say, so far as making an arrest without a warrant is concerned, before the defendant, the Detective Agency, would have a right to make the arrest, they must have honestly believed the statements that I have heretofore called your attention to. That is, I told you that if these facts had been brought to them and no other facts disclosed to them, then they would have probable cause for making the arrest.

"*On the other hand, if Mr. Barrigar, and the member of the banking firm of Hartman, Thompson & Company had been given any further explanation, such as informing them that a man by the name of Allen, of a different description than what we are now giving you, has also passed checks on different occasions that were forged with the name of the same party who has forged this check, it would be their duty to take that into consideration also.* But that, however, would not get away from the other statement that I made, that they would have probable cause from these other statements if they honestly and actually believed them, and these explanatory statements would not of themselves be sufficient to destroy that belief in the probable cause."

The above instruction is not free from criticism but, in our opinion, plaintiff would have as much cause for complaint as defendant. It is not sufficient to constitute probable cause that defendant honestly believed statements made to it relative to the commis-

sion of the crime by plaintiff. In addition to good faith there must be reasonable grounds for belief. However good may be the intention it will not do to act upon mere suspicion or conjecture. Appellant's specific objection to the instruction is that there is no testimony tending to show that either Barrigar or a member of the firm of Hartman & Thompson had been informed that a man of different description from that of plaintiff had also passed forged checks and it is suggested that, even if this were true, it would not be binding upon the defendant unless it were shown such information was communicated to it. There is no evidence upon which to base this instruction and it is therefore abstract in character; but, after considering the charge in its entirety, we believe the cause was fairly submitted and that it should not be reversed on this assignment.

The record discloses a case where a citizen, who had never before been arrested for a crime, was thrown into jail upon mere suspicion. Defendant had in its possession, prior to the arrest, tracing of plaintiff's handwriting taken from the written application for employment and, according to the weight of the testimony, there was no similarity between that and the writing upon the fictitious check. Furthermore, the check was made payable to R. Alleans, while the application for employment was signed by E. Allen. Notwithstanding Barrigar's identification of the plaintiff as the man who had passed the check on him, there is much evidence tending to show that the description of the person who actually committed the crime was entirely dissimilar to that of the plaintiff. There was slight justification for arresting plaintiff and defendant should respond to him for the damage sustained. We are convinced there is

merit in plaintiff's cause and are not disposed to reverse it on account of an instruction which, while not entirely proper, did not substantially affect defendant's rights.

The judgment of the lower court is, therefore, affirmed.                                        AFFIRMED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.