**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH LEONETTI, personally and as Personal Representative of the Estate of Holly Leonetti, deceased, | No. 18-35394 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00014-AC |
| v. | MEMORANDUM[*] |
| PATRICK BRAY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 12, 2019[**]
Portland, Oregon

Before: TASHIMA, GRABER, and OWENS, Circuit Judges.

Plaintiff Joseph Leonetti appeals the district court's order granting

Defendants' motion for summary judgment. Reviewing de novo, Szajer v. City of

Los Angeles, 632 F.3d 607, 610 (9th Cir. 2011), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1. <u>False Arrest and Fourth Amendment Claims</u>

These claims are time-barred.

First, Plaintiff's notice of his state false arrest claim was filed more than 180 days after the claim accrued and is, therefore, time-barred under the Oregon Tort Claims Act ("OTCA"). <u>See</u> Or. Rev. Stat. § 30.275(2)(b); <u>Doe 1 v. Lake Oswego Sch. Dist.</u>, 297 P.3d 1287, 1292–93 (Or. 2013) (stating that the limitations period for an OTCA claim does not begin to run until a "plaintiff has a reasonable opportunity to discover his injury and the identity of the party responsible for that injury" (emphasis omitted) (quoting Adams v. Or. State Police, 611 P.2d 1153, 1156 (Or. 1980))); Ross v. City of Eugene, 950 P.2d 372, 375 (Or. Ct. App. 1997) (describing the elements of the tort of false arrest).

Second, Plaintiff's Fourth Amendment claim for false arrest, brought under 42 U.S.C. § 1983, was filed more than two years after its accrual and is, therefore, time-barred. <u>See</u> Or. Rev. Stat. § 12.110(1) (providing a two-year statute of limitations for personal injury actions); <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007) (stating that "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law," and holding that "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief" (internal quotation marks and alteration

2

omitted); <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that § 1983 claims are governed by the forum state's statute of limitations for personal injury actions, and they accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action).

    2.  <u>Malicious Prosecution Claims</u>

These claims fail on the merits.

First, there was probable cause to prosecute Plaintiff, and "[p]roof of probable cause is a complete defense." <u>Gustafson v. Payless Drug Stores Nw., Inc.</u>, 525 P.2d 118, 119 (Or. 1974); <u>see</u> <u>Ira v. Columbia Food Co.</u>, 360 P.2d 622, 625 (Or. 1961) (noting that, even if probable cause exists at the time of arrest, it may not exist later due to changes in information). Therefore, Plaintiff did not establish the required elements for a state malicious prosecution claim. <u>See</u> <u>Rose v. Whitbeck</u>, 562 P.2d 188, 190 (Or. 1977) (listing the elements of an Oregon malicious prosecution claim).

Second, Plaintiff has not shown "that the defendants prosecuted him for the purpose of denying him equal protection or another specific constitutional right." <u>Mills v. City of Covina</u>, 921 F.3d 1161, 1169 (9th Cir. 2019) (internal quotation marks and alterations omitted). Therefore, Plaintiff also failed to establish the required elements for a § 1983 malicious prosecution claim. <u>See</u> <u>id.</u> (stating that

3

"[f]ederal courts rely on state common law for elements of malicious prosecution" and that a plaintiff must also show a constitutional violation in order to maintain a § 1983 action for malicious prosecution).

3. First and Fourteenth Amendment Claims

We affirm for the reasons given by the district court.

**AFFIRMED.**