Argued July 11, affirmed August 23, 1968

KILLAM, *Respondent, v.* KILLAM, *Appellant.*

444 P. 2d 479

■■

■■

■■

*Eugene L. Parker,* Portland, argued the cause and filed a brief for appellant.

*Francis F. Yunker,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

■■

DENECKE, J.

As part of a property settlement agreement entered into in a divorce proceeding, the parties signed a "COLLATERAL AGREEMENT" reciting that a boat was held in trust by the parties' daughter for the benefit of each of the spouses; that the boat would remain so held until they mutually agreed to sell; and that both had certain rights of use and certain obligations to pay for the expense of keeping and using the boat. The parties were unable to use the boat harmoniously under the agreement and the husband brought this suit for partition, asking that the boat be sold and the proceeds divided. The trial court held that the spouses each owned an undivided one-half interest, that the daughter had only bare legal title as trustee, ordered an accounting of expenses incurred and payments made, a sale and an equal division of the proceeds subject to adjustment depending upon the accounting. The defendant wife appeals.

■■ The statute setting out the procedure for partition only applies to real property. ORS 105.205 et seq. ORS 107.100(5) provides for partition of real or

personal property held by parties to a divorce. It provides: "[E]ither party may maintain supplemental proceedings by filing a petition in such suit for the partition of such real or personal property, or both, within two years from the entry of said decree." This proceeding was commenced more than two years after the entry of the decree; therefore, it could not be brought as a supplemental proceeding in the divorce suit. It seems clear, however, that the statute is not attempting to limit partition proceedings for jointly held property to a period not exceeding two years after the decree.

■ It has been generally held in other jurisdictions that equity will entertain a suit for partition of personal property. *Baughman v. Reed,* 75 Cal 319, 17 P 222 (1888); *Julian v. Yeoman,* 25 Okla 448, 106 P 956 (1910), 27 LRA, NS 618. We hold that in this jurisdiction a suit for the partition of personal property can be maintained.

■ The defendant contends that partition may not be granted because in the collateral agreement the parties contracted to hold the boat as joint beneficiaries until they mutually agreed upon a sale. An agreement concerning real property providing that the property will be held in cotenancy and not partitioned will prevent judicial partition. We see no reason to extend that principle to personal property jointly owned by divorced spouses in a situation in which the spouses are attempting joint use as well as having joint ownership.

> " 'Courts should be, and are, adverse to any rule which will compel unwilling persons to use their property in common. The rule of the civil as of the common law, that no one should be compelled to hold property in common with another,

grew out of a purpose to prevent strife and disagreement. * * *. 20 R. C. L., p. 716.'" *Michael v. Sphier,* 129 Or 413, 418, 272 P 902, 73 ALR 1 (1929).

The joint ownership and attempts to jointly use this boat caused four years of strife and disagreement which should be terminated by partition.

■ The defendant contends that the plaintiff did not own any interest in the boat and, in addition, has so breached the collateral agreement that he is not entitled to partition. The testimony was conflicting; however, we agree with the trial court's findings upon these issues.

Affirmed.