Argued February 10, reversed and remanded March 26, 1970

BROWN, *Appellant, v.* BROWN, *Respondent.*

467 P2d 119

*David A. Rhoten*, Salem, argued the cause for appellant. On the briefs were Rhoten, Rhoten & Speerstra, Salem.

*Asa L. Lewelling*, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

BRANCHFIELD, J.

On November 4, 1964, plaintiff wife filed for a divorce from the defendant. A trial was subsequently held, and on July 23, 1965, the court granted plaintiff an absolute decree of divorce. The decree also confirmed and incorporated a property settlement agreement previously executed by the parties. The agreement provides that each of the parties shall become an undivided owner of one-half of the interest of the parties in certain real properties, and that one-half of the net proceeds (i.e. gross sales price less any obligations of the sellers to be deducted from such proceeds such as street and other assessments and taxes) received from lots sold or contract payments received from the sale of lots subsequent to the filing of the divorce and prior to the date of the decree shall be divided one-half to each.

During the seven month period between the filing of the divorce complaint and entry of the decree, the defendant sold certain of the above-described lots, and paid the street assessments and real property taxes on all of the subject property. Neither the divorce decree nor any provision in the property settlement agreement discussed the liability of the parties for these charges against the unsold lots. Hence, in

rendering an accounting to plaintiff for her share of the sales price for the lots sold, defendant claimed a credit for one-half of the assessments and taxes so paid.

The plaintiff disputed defendant's rights to the above credit, and on January 30, 1968, she filed a motion for an order fixing the dollar amount of the judgment awarded against the defendant in the divorce decree. She contended that under the terms of the agreement, as explained by her testimony concerning her intent as to its meaning, the defendant should have been declared liable for all of the charges imposed upon the property. The trial court ordered that defendant be given credit for one-half of the assessments and taxes, and plaintiff appeals.

In essence, plaintiff is seeking an interpretation of the property settlement agreement. She seeks relief concerning matters not within the contemplation of the parties or the court at the time the agreement was incorporated into the divorce decree. However, the court has no authority to make such a revision in the property settlement agreement. *Jensen v. Jensen,* 249 Or 423, 438 P2d 1013 (1968); *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953).

■ It has long been the rule in Oregon that if a property settlement made between a husband and wife is adopted and approved by a decree of divorce, it is beyond the power of the court to modify it subsequently. *Beaman v. DeShazor, Jr.,* 197 Or 669, 255 P2d 157 (1953). *Payne v. Payne,* 215 Or 412, 414, 332 P2d 1075, 335 P2d 606 (1959), states the rule thus:

> "Beginning with *Henderson v. Henderson,* 37 Or 141, 149, 60 P 597, 61 P 136, 48 LRA 766, this court for more than a half century has consistently

held that a decree approving and carrying into effect the terms of an agreement between husband and wife respecting a property settlement which has been approved by the court cannot thereafter be modified by the court without the consent of the parties * * * *."

In *Kuckenberg v. Kuckenberg*, 252 Or 647, 452 P2d 305 (1969), the defendant husband appealed from an order of a divorce court which sought to interpret a property settlement agreement approved and incorporated in a decree of divorce entered by that court a month earlier. A dispute arose as to which of the parties was entitled to certain items of personal property, the ownership of which was left uncertain by the agreement. The order appealed from would have required the sheriff to sell the property and divide the proceeds of the sale equally between the parties. On appeal the Supreme Court held that the court's order was issued without either statutory or equitable jurisdiction and was therefore void. The court reversed and remanded the cause with instructions to dismiss the motion, saying at page 119-120:

"* * * The property division, though appearing to need interpretation and implementation in another proceeding, is binding and beyond the power of the court to modify. * * *"

■ In the instant case, the challenged order would also effect a modification of the property settlement agreement as approved by the decree of divorce. Nothing in the transcript of proceedings[1] or the record in this case indicates that the divorce court contemplated continuing jurisdiction over the property settlement.

---

[1] The transcript is not properly before us for review, since the appellant did not file a designation of record as required by ORS 19.074(2)(a).

The authority of the court to modify the decree is limited by ORS 107.100(1)(a) to modification of so much of the decree as may provide for the appointment of trustees; for support, custody and education of minor children; or for the maintenance of either party to the suit. The supplementary order entered in the case at bar is therefore void. The cause is reversed and remanded to the circuit court for proceedings consistent with this opinion.