Argued February 10, reversed April 9, petitions for rehearing denied May 12, 1970. Petitions for review denied by Supreme Court July 21, 1970

SMITH, *Respondent, v.* SMITH, *Appellant.*

467 P2d 670

*Randall S. Jones,* Portland, argued the cause for appellant. With him on the briefs were Jones & Brown, Portland.

*Clifford W. Powers,* Portland, argued the cause for respondent. On the brief were Potts & Powers, Portland.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

BRANCHFIELD, J.

The defendant husband has appealed from an order of the trial court which purports to modify and supplement the property provisions of a divorce decree entered two and one-half years earlier.

Plaintiff and defendant were divorced on March 7, 1966. The divorce decree incorporated a property settlement agreement which provided for a judgment of $85,000 in favor of the plaintiff against defendant, to be paid by the sale of the family home for $65,000, with the balance of $20,000 to be paid in four equal annual instalments.

The time allowed by the property settlement agreement within which plaintiff was to sell the home was made material to allow defendant the benefits of a collateral agreement with his employer for reimbursement of the difference between the sale proceeds and $65,000.

The sale of the property was not completed within the time allowed by the agreement. The sale price was less than $65,000, and defendant resisted payment of the difference because his collateral agreement with his employer had expired with the passage of time.

On September 20, 1968, plaintiff filed a motion for an order "modifying and supplementing" the divorce decree by fixing defendant's liability thereunder and

directing him to pay the full amount of the difference between the sale proceeds and $65,000. The trial court so ordered, and defendant appealed, contending that this order was entered by the court without the jurisdiction to do so.

In *Brown v. Brown*, 2 Or App 123, 467 P2d 119 (1970), this court considered and reaffirmed a longstanding rule in Oregon that a property settlement agreement made between a husband and wife and approved by a decree of divorce is beyond the power of the divorce court to modify subsequently. See also authorities cited in *Brown v. Brown*, supra. We are of the opinion that the same principles also control this case. Thus, it is not necessary for us to discuss the defendant's other assignments of error.

The judgment of the trial court is reversed.