In the Matter of the Marriage of
TEETER, *Appellant,*
*and*
TEETER, *Respondent.*
(No. 18992, CA 5595)
552 P2d 1338

*Walter T. Aho,* Oregon City, argued the cause and filed the brief for appellant.

*Frank G. MacMurray, Jr.,* Redmond, argued the cause for respondent. On the brief was David C. Clark, Redmond.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

Wife appeals from a marriage-dissolution decree, contending that she should have been awarded a larger interest in the property accumulations of the parties and that the trial judge erred in decreeing that, if the major real property asset belonging to the parties was not sold and distributed by January 20, 1976, as provided in the decree, then such property would be ordered sold by the sheriff and thereafter the proceeds distributed between the parties. The parties were married in 1958 and they have two children, born in 1964 and 1966. The decree provides that husband pay support of $100 per month per child to the wife who has custody of the children. Husband had approximately $650 per month take-home pay.

The parties had accumulated numerous items of personal property, bank accounts and real property. The court's decree made a relatively equal distribution of the property between the parties with the exception of real property which is designated as the Dorchester Motel and Mountain View Mobile Village located in Bend. That particular property, together with the personal property associated therewith (which personal property was individually described in the decree), was made subject to the sheriff sale mentioned above, with the husband being entitled to possession and operation of the business until the sale occurred. The net from operation and the proceeds of the sale were ordered to be paid on debts existing against the property and the balance to be divided equally between the parties.

Our review of the record and the court's disposition of the property and of the relative values assigned to all the items leads us to the conclusion that the trial court made a relatively equal division of the assets which was just and equitable under the circumstances. ORS 107.105.

With reference to the mobile village we agree that the disposition of the proceeds from that asset should be equally divided between the parties. However, we

do not agree that the trial court had the authority to summarily order the sheriff sale of the property in the dissolution decree as it did. Husband in his brief has contended that because ORS 107.405, which was enacted in 1971 (Oregon Laws 1971, ch 280), gives the court full equity powers in dissolution proceedings the court had the authority to make this provision in the decree because partition is "one of the subjects of settled equitable jurisdiction * * *," citing 59 Am Jur 2d 824, Partition § 68. Husband then points out that ORS 105.205 and 105.245 allow the sale of the property in lieu of partition if it appears to the satisfaction of the court that partition cannot be made without great prejudice to the owners.

The difficulty with husband's argument is that it overlooks the provisions of ORS 107.105 which specifically provides what may be in the decree of a court sitting in marriage-dissolution proceedings. Subsection (4) thereof provides:

> "If, as a result of a suit for the annulment or dissolution of a marriage or for separation, the parties to such suit become owners of an undivided interest in any real or personal property, or both, either party may maintain supplemental proceedings by filing a petition in such suit for the partition of such real or personal property, or both, within two years from the entry of said decree, showing among other things that the original parties to such decree and their joint or several creditors having a lien upon any such real or personal property, if any there be, constitute the sole and only necessary parties to such supplemental proceedings. The procedure in the supplemental proceedings, so far as applicable, shall be the procedure provided in ORS 105.405, for the partition of real property, and the court granting such decree shall have in the first instance and retain jurisdiction in equity therefor."

This provision of the marriage-dissolution statutes was made to provide a method for partitioning property in dissolution decrees. This subsection of the statute was originally enacted as Oregon Laws 1953, ch 635. Its enactment came shortly after the decision in

*Polanski v. Polanski,* 193 Or 429, 238 P2d 739 (1951), in which the Supreme Court directed that, if a party in an appealed divorce case should give proof to the Supreme Court that she had tendered to her husband a deed which he had accepted to part of the property, then a decree would be entered affirming the circuit court's decree requiring the rest of the property to go to the husband. If this method of settling the division of property in the *Polanski* case were not effected, then the Supreme Court said it would remand to the circuit court for reconsideration of the property question. Mr. Justice Latourette, dissenting, stated that the majority opinion "is in reality partitioning the respective properties of the parties for which no authority is found in the divorce statutes of our state * * *." 193 Or at 437. It seems obvious to us that subsection (4) was added to the divorce—now dissolution—statutes of Oregon in order to supply the authority and procedure which the dissenter said the court did not have. Thus, when partition is indicated in a dissolution decree like that before us we think it incumbent upon the court to follow the method prescribed by statute. *See Killam v. Killam,* 251 Or 59, 444 P2d 479 (1968); *Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969).

The disposition of the property is affirmed but the case is remanded for such further proceedings as may be necessary to conform with this opinion.

Affirmed in part; remanded in part. Costs to neither party.