ROBERTS, J.
Father appeals from the court’s order modifying a dissolution-of-marriage decree to grant custody of one of the parties’ children to mother and providing that certain sums be paid as child support.
The parties’ marriage was dissolved by a decree entered in August 1975. That decree incorporated a property settlement agreement entered into by the parties which provided that father would have custody of the two children of the parties. No provision for child support was made. In December 1976, one of the parties’ children, age 14, began living with mother with the consent of father. At that time father began paying mother $150 a month for the support of the child.
In May 1977, mother moved to modify the terms of the 1975 decree to change custody of the child to her, to require the payment of $150 monthly to her for the support of the child, to require father to pay $2,000 as a lump sum child support, and to require father to pay all of the medical and dental expenses incurred by the child during his minority. The trial court granted mother’s motion in its entirety. On appeal, father contends that the $2,000 lump sum payment of child support is not, in fact, child support, but is rather an impermissible modification of the property settlement terms of the 1975 decree. Father also contends that the court erred in requiring father to pay all of the child’s medical and dental expenses during his minority.
Mother is currently living in a one-bedroom apartment and has a gross monthly salary of $450. Mother contends and father does not dispute, that the one-bedroom apartment is not the most appropriate place in which to raise a 14-year-old boy, and mother requested the $2,000 for a down payment on a mobile home in which she planned to live with the child. Mother testified that a suitable apartment for her and the child could be found at a rental rate of approximately $200 monthly.
*[1212] We conclude that the most appropriate order in this situation would be to set child support at $185 monthly, which will more closely approximate mother’s needs in raising the child. The provision in the decree of the $2,000 payment, which is much more in the character of an impermissible modification of the property settlement ordered by the 1975 decree, see Brown v. Brown, 2 Or App 123, 467 P2d 119 (1970), should be eliminated. In addition, in light of mother’s limited income and father’s own testimony that he is in a better position to assume such a responsibility, we conclude that the trial court correctly ordered father to pay for the child’s medical and dental expenses.
Affirmed as modified. No costs to either party.