Argued and submitted January 19, affirmed August 3, 1981

**BENJAMIN,**
*Appellant,*
*v.*
**S. R. SMITH COMPANY, INC.,**
*Respondent.*

(No. 77-4-177, CA 16393)

**BENJAMIN,**
*Appellant,*
*v.*
**S. R. SMITH COMPANY, INC.,**
*Respondent.*

(No. 77-4-178, CA 16394)
(Cases Consolidated)

632 P2d 13

Nick Chaivoe, Portland, argued the cause for appellants. With him on the briefs was David S. Paull, Portland.

James M. Callahan, Portland, argued the cause for respondent. With him on the brief was Landis, Aebi & Bailey, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs are Ohio residents who seek damages from defendant, an Oregon corporation, for injuries sustained in Ohio which were allegedly caused by defendant's negligence and by the defective condition of a swimming pool slide manufactured by defendant. Plaintiff Timothy Benjamin seeks to recover for physical injuries he sustained while using the slide. His mother, plaintiff Nancy Benjamin, brought an action for loss of services and consortium attributable to her son's injuries. The cases were consolidated for trial and appeal. The trial court granted defendant's motions for summary judgment on the ground that a judgment in an Ohio action, in which plaintiffs had also sought damages from defendant on the basis of the same events and substantially similar theories, was *res judicata* and barred the present actions. Plaintiffs appeal; we affirm.

■    In the Ohio actions plaintiffs joined as an additional defendant an Ohio corporation which owned the apartment complex where plaintiff Timothy Benjamin was injured. The Ohio trial court granted both defendants' motions for summary judgment on the ground that the evidence submitted with the motions established that plaintiffs assumed the risk of injury which, under Ohio law, barred recovery. The Ohio Supreme Court affirmed the trial court's judgment on the merits. *Benjamin v. Deffet Rentals,* 66 Ohio St 2d 86, 20 Ohio Op 3d 71, 419 NE2d 883 (1981).[1]

Plaintiffs argue that their causes of action are not barred because the Ohio judgment was not a final decision on all the merits. They contend that the Ohio court was required to apply Ohio law because the plaintiffs and one defendant were Ohio residents. They urge, however, that Oregon law should be employed in determining the

---

[1] The trial court based its decision on the judgment of the Ohio trial court. While this appeal was pending, the Ohio judgment was reversed by the Ohio Court of Appeals for Franklin County, an intermediate appellate court. That decision was reversed by the Ohio Supreme Court, and the judgment was reinstated. The record has been supplemented by a certified copy of the Ohio Supreme Court opinion, and we take judicial notice of that decision. ORS 41.420 *et seq.*

comparative fault of plaintiffs and the defendant, which is an Oregon domiciliary.[2] Plaintiffs conclude:

"Since the Ohio court could not apply the Oregon substantive law to the proceedings in that state, it is obvious that there could not be a full hearing on all the merits of the case and *res judicata* could apply only to the findings of some fault on the part of Plaintiff-Appellant. There was no determination of fault, either based on negligence or strict liability in tort, as it relates to Defendant S. R. Smith and Company.

"Therefore, Plaintiffs-Appellants are entitled to a trial on the issues of Defendant's fault and Plaintiffs-Appellants' comparative fault."

The United States Supreme Court stated in *Magnolia Petroleum Co. v. Hunt,* 320 US 430, 64 S Ct 208, 88 L Ed 149, 150 ALR 413 (1943), that under the Full Faith and Credit Clause of the United States Constitution (Art IV, § 1):

"From the beginning this Court has held that these provisions have made that which has been adjudicated in one state res judicata to the same extent in every other. * * *" 320 US at 438.

It is clear, and not disputed by plaintiffs, that the Ohio judgment determined the merits of defendants' liability and, under Ohio law, bars further litigation between the parties in Ohio of the same "claim, demand, or cause of action" or of "issues * * * that could have been raised and decided as well as those that were decided." *First National Bank v. Doyle,* 92 Ohio Abs 385, 24 Ohio Op 2d 297, 193 NE2d 442 (1962); *see also, Profitt v. McQuiston,* 9 Ohio Misc 43, 38 Ohio Op 2d 82, 221 NE2d 212 (1966).

Plaintiffs, while not disputing the stated principles, contend that under the rationale of the Restatement of Judgments § 49 (1942), the Ohio judgment is not *res judicata* as to those issues between the parties that the judgment did not determine. Section 49 states:

"Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is

---

[2] To the extent that plaintiffs' arguments raise a choice of laws issue it is something of a straw man. Presumably, a correct determination of which state's laws apply to this cause of action would lead to application of the same law in Ohio as in Oregon. Nothing said in this opinion is intended to imply agreement with plaintiffs' proposition that the Ohio courts were required to apply Ohio law.

> not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided."

Plaintiffs' reliance is misplaced. Comment *a* to that Restatement section states, as relevant, that "[a] judgment for the defendant is not on the merits where it is based merely on rules of procedure rather than on rules of substantive law." The Ohio judgment was plainly based on rules of substantive law, whether or not plaintiffs agree that the correct rules of substantive law were applied. A final judgment on the merits of plaintiffs' claim is final for *res judicata* purposes whether or not it is right.

■ Implicit in plaintiffs' argument is that issues of comparative negligence under Oregon law could not have been raised and decided in the Ohio litigation, and thus plaintiffs are not precluded from litigating those issues here. Assuming, solely for the purposes of argument, that Oregon law principles which were not applied in the Ohio litigation are "issues" for the purposes of *res judicata* analysis, we do not agree those issues could not have been litigated in plaintiffs' Ohio case. If plaintiffs are correct that choice of law principles point to the applicability of Oregon law to their actions, then the choice of law question could have been raised in Ohio, or plaintiffs could have prosecuted the Oregon case to conclusion before proceeding in Ohio. Plaintiffs chose Ohio as the forum and allowed that case to proceed to judgment on the merits. A final judgment on the merits of a claim for relief is *res judicata* as to all issues or theories of recovery that were litigated and those that could have been litigated. *Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975).

Both *res judicata* and full faith and credit would be meaningless if plaintiffs' theory had vitality. Under that theory, plaintiffs would be allowed to relitigate a claim in state after state to the extent that variations in the substantive laws of the different jurisdictions would allow variations in the theories of recovery.

We conclude the Ohio judgment is a final determination of defendant's liability for plaintiffs' injuries and is a bar to plaintiffs' action in Oregon.

Affirmed.