HELLESVIG,
*Appellant,*
*v.*
HELLESVIG,
*Respondent.*

(No. 16-80-11120, CA A21816)

650 P2d 1072

Randall E. Thwing, Eugene, argued the cause for appellant. With him on the briefs was Thwing & Thwing, Eugene.

Jill Heiman, Eugene, argued the cause for respondent. With her on the brief was Heiman & Miller, Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a suit for partition of real property owned by the parties as tenants in common. Plaintiff appeals from a judgment order denying his motion for partial summary judgment and allowing defendant's motion for partial summary judgment on the ground that plaintiff's claim was barred by a prior judgment of record.

The parties were divorced in 1976. The amended decree provided that they would continue to own the family home as tenants in common, but defendant was given the exclusive right to live in the home. Plaintiff was required to pay the mortgage and other charges associated with the property.

In early 1980, plaintiff filed a motion to modify the decree in certain respects, including partition and sale of the property and termination of his obligation to pay the mortgage and other charges. Plaintiff presented evidence on the issue of partition during the modification hearing, including the value of real estate improvements made by defendant. Defendant did not assert the statute of limitations as a defense to the partition proceeding brought under former ORS 107.105(5).[1] In September, 1980, the circuit court adopted stipulated findings of fact and conclusions of law:

"1. .The provisions of the amended decree concerning the ownership of the property and the payments that respondent is required to make in regard to the real property are not subject to modification as they constitute a division of property.

"2. This court has no power to effect a partition of the real property.

---

[1] ORS 107.105(5) was renumbered ORS 107.105(6) by the adoption of Or Laws 1981, ch 775, § 1. The statute provides in relevant part:

"If, as a result of a suit for the annulment or dissolution of a marriage or for separation, the parties to such suit become owners of an undivided interest in any real or personal property, or both, either party may maintain supplemental proceedings by filing a petition in such suit for the partition of such real or personal property, or both, within two years from the entry of said decree * * *. The procedure in the supplemental proceedings, so far as applicable, shall be the procedure provided in ORS 105.405, for the partition of real property, and the court granting such decree shall have in the first instance and retain jurisdiction in equity therefor."

"3. The provisions of the amended decree making petitioner and respondent tenants in common and giving petitioner exclusive right to live in the home, constitutes a division of property.

"4. The provisions of the amended decree that requires respondent to make mortgage payments on the family home as well as whatever taxes, insurance, sewer assessments or other assessments and charges associated with the ownership of the property constitutes a division of property."

The court then entered an order modifying the dissolution decree, but it made no disposition of the partition issue.

In December, 1980, plaintiff filed the present suit for partition. In her answer, defendant raised as affirmative defenses that the present action was barred by the prior judgment of record and by former ORS 107.105(5). The trial court concluded that plaintiff's claim was barred by a prior judgment of record.

Plaintiff first contends that, because the order entered in the proceeding modifying the dissolution decree made no mention of the partition issue, he cannot be barred by that judgment from bringing the present suit. In the proceeding to modify, the court determined that those portions of the dissolution decree relating to ownership of the commonly held property were not subject to modification, because they constituted a division of property. Accordingly, the court found that it had "no power to effect a partition of the real property." In effect, the court was stating that it lacked jurisdiction. The issue here is whether, assuming that the trial court lacked authority to partition the property in the modification proceeding, *res judicata* bars the present suit.

■ *Res judicata* "applies only to those claims which might have been litigated as incidental to or essentially connected with the prior case." *McAllister v. Charter First Mortgage, Inc.,* 279 Or 279, 285, 567 P2d 539 (1977); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975). Before *res judicata* applies, the prior lawsuit must have ended in an "adjudication of issues which have culminated in a final decree." *Huszar v. Certified Realty Co.,* 272 Or 517, 523, 538 P2d 57 (1975); *R.L.K. and Co. v. Tax Commission,* 249 Or 603, 608-09, 438 P2d 985 (1968). In *Benjamin*

*v. S. R. Smith Co.,* 53 Or App 328, 331-32, 632 P2d 13 (1981), we quoted Restatement of Judgments § 49 (1942):

" 'Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided.' "

Comment a to section 49 explains that

" * * * [i]f the defendant * * * obtains judgment in his favor on a ground not involving the substance of the plaintiff's cause of action, the cause of action is not extinguished thereby. This is the case, for example, where the judgment is based on the lack of jurisdiction of the court over the defendant *or over the subject of the action* * * *." (Emphasis added.)

■ In the proceeding to modify, the parties stipulated that the court had no authority to partition the commonly held property, because it constituted part of the division of property in the earlier dissolution decree. Whether or not that was correct, the judgment obtained in the proceeding to modify was not on the merits with *respect to the partition.* Therefore, the trial court erred in determining that the present action was barred by the prior judgment of record.

Defendant contends that, if *res judicata* does not bar the present suit, collateral estoppel does. Under the doctrine of collateral estoppel, the partition issue "must have been actually litigated and necessarily determined in the first action before the judgment in the first suit operates as a bar." *Western Baptist Mission v. Griggs,* 248 Or 204, 209, 433 P2d 252 (1967); *Ira v. Columbia Food Co. et al,* 226 Or 566, 571, 360 P2d 622, 86 ALR2d 1378 (1961). Although evidence was presented on the partition issue, the issue was not "necessarily" determined by the prior proceeding, because the court lacked jurisdiction to partition the property. Moreover, it would be fundamentally unfair to apply collateral estoppel against plaintiff, when the court in the former proceeding in effect determined that it had no jurisdiction to hear the partition issue. *See State Farm v. Century Home,* 275 Or 97, 105, 550 P2d 1185 (1976).

Defendant also contends that plaintiff had to choose between bringing a partition proceeding under the

dissolution statute, ORS 107.105(5), or bringing an action under the general partition statute. ORS 105.205.[2] Defendant argues that, because plaintiff initially chose to bring the partition proceeding under the dissolution statute, he is now precluded from bringing the present action under ORS 105.205.[3] Construing the general partition statutes, ORS 105.205 and ORS 105.405, with the dissolution partition statute, ORS 107.105(5), we find nothing in those statutes which, standing alone, precludes an action from being brought under the dissolution statute and then a subsequent one from being brought under the general partition statutes. Of course, if a partition claim was brought under former ORS 107.105(5) that the court had the power to adjudicate, then a later action brought under the general statutes could be barred by *res judicata*. Here, however, the trial court lacked jurisdiction to adjudicate the partition issue in the former proceeding, and plaintiff was not barred from bringing this action under the general partition statutes.

Reversed and remanded.

---

[2] ORS 105.205 provides:

"When several persons hold real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain a suit for the partition of the real property according to the respective rights of the persons interested therein, and for a sale of all or part of the property if it appears that a partition cannot be had without great prejudice to the owner."

[3] Defendant does not appear, however, to contend that the present suit is barred by the time limitation of two years for bringing suit under former ORS 107.105(5). In *Killam v. Killam,* 251 Or 59, 61, 444 P2d 479 (1968), the Supreme Court stated that former ORS 107.105(5) was not intended to limit partition proceedings brought under the general partition statute to a period not exceeding two years after the dissolution decree.