Argued and submitted March 9, remanded to trial court April 26, 1983

HELLESVIG,
*Respondent on Review,*
*v.*
HELLESVIG, nka Alice,
*Petitioner on Review.*

(TC 16-80-11120 CA A21816, SC 28991)
662 P2d 709

Jill Heiman, Eugene, argued the cause and filed the briefs for petitioner on review. With her on the brief was Heiman & Miller, Eugene.

Randall E. Thwing, Eugene, argued the cause and filed the brief for respondent on review. With him on the brief was Thwing & Thwing, Eugene.

Before Lent, C. J., Peterson, Campbell, Roberts, Carson and Jones, Justices.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff by this proceeding seeks to partition a parcel of real property owned by him and the defendant as tenants in common. The trial court granted summary judgment for defendant, concluding that this suit was barred because of a prior domestic relations proceeding between the same parties in which plaintiff had unsuccessfully sought similar relief. The Court of Appeals reversed; it held that this suit was not barred inasmuch as the circuit court in the prior proceeding had concluded that it lacked jurisdiction to adjudicate the partition question. 59 Or App 356, 650 P2d 1072 (1982).

Plaintiff is defendant's former husband and the real property at issue was the parties' family home during their marriage. In 1976, their marriage was dissolved by way of default decree entered against plaintiff. The amended dissolution decree awarded custody of the parties' minor children to defendant, set forth plaintiff's spousal and child support obligations, and made the following disposition with regard to the family home:

> "[Defendant and plaintiff] shall continue to own the family home at 345 Mary Lane, Eugene, Oregon as tenants in common *except that [defendant] shall have the exclusive right to live in the home.* [Plaintiff] shall make mortgage payments on the above described real property as well as whatever taxes, insurance, sewerage charges, or other assessments and charges associated with the ownership of the property which may accrue and shall maintain a checking account with funds sufficient to pay such charges." (Emphasis added.)

Apparently there was no further litigation between the parties until May of 1980 when plaintiff moved for a modification of the support provisions of the dissolution decree. His motion requested that defendant be ordered to show cause why the decree should not be modified:

> "* * * to eliminate the child support provisions of the Decree, and to eliminate the direct spousal support provisions * * *, and to eliminate the additional spousal support provisions in said Decree *by requiring partition of the family home* at 345 Mary Lane, Eugene, Oregon. * * *." (Emphasis added.)

After the show cause hearing, the trial court issued "Stipulated Findings of Fact and Conclusions of Law" which, besides discussing the requested changes in plaintiff's support obligations, provided:

"*FINDINGS OF FACT*

" * * * * *

"3. The provisions of the amended decree making [defendant and plaintiff] tenants in common and giving [defendant] exclusive right to live in the home, constitutes [sic] a division of property.

"4. The provisions of the amended decree that requires [sic] [plaintiff] to make mortgage payments on the family home as well as whatever taxes, insurance, sewer assessments or other assessments and charges associated with the ownership of the property constitutes [sic] a division of property.

"*CONCLUSIONS OF LAW*

"1. The provisions of the amended decree concerning the ownership of the property and the payments that [plaintiff] is required to make in regard to the real property are not subject to modification as they constitute a division of property.

"2. This court has *no power to effect a partition* of the real property. * * *" (Emphasis added.)

The Court then entered an order modifying the dissolution decree. This order significantly altered plaintiff's support obligations, but made no mention of his request for partition or of his request for modification of his obligations with regard to the expenses incident to ownership of the parties' property. There was no appeal from this order.

Soon thereafter, plaintiff commenced this separate proceeding alleging that he was entitled to a partition of the Mary Lane property under ORS 105.205 *et seq.*,[1] the statutes generally governing the right to partition. In addition to denials and counterclaims, defendant's answer

---

[1] ORS 105.205 provides:

"When several persons hold real property as tenants in common, * * * any one or more of them may maintain a suit for the partition of the real property according to the respective rights of the persons interested therein, and for a sale of all or a part of the property if it appears that a partition cannot be had without great prejudice to the owner."

interposed some affirmative defenses. In essence, these were: (1) that plaintiff's suit was time-barred; (2) that the prior final order in the modification proceeding barred plaintiff from maintaining this suit; and (3) that because of the nature of defendant's interest in the realty, the property was not subject to partition.

The parties made cross-motions for summary judgment. The trial court first concluded that:

"* * * Plaintiff does not own a simple 1/2 interest in the subject property as a tenant in common with Defendant, but rather that Plaintiff's interest is a 1/2 interest as a tenant in common subject to a life estate of Defendant, with special covenants and obligations on the part of Plaintiff to pay taxes, insurance, assessment and mortgage payments [.]"

The Court then noted the final order from the prior proceeding and concluded that "the judgment in the domestic relations suit bars the present partition proceeding * * *." It thereupon granted defendant's motion for summary judgment and this appeal ensued.

The question presented is whether the trial court erred in dismissing plaintiff's suit as barred. The confusion here is due in large part to the provisions of ORS 107.105(6):[2]

"If, as a result of a suit for the annulment or dissolution of a marriage or for separation, the parties to such suit become owners of an undivided interest in any real or personal property, or both, either party may maintain supplemental proceedings by filing a petition in such suit for the partition of such real or personal property, or both, *within two years from the entry of said decree,* showing among other things that the original parties to such decree and their joint or several creditors have a lien upon any such real or personal property, if any there be, constitute the sole and only necessary parties to such supplemental proceedings. The procedure in the supplemental proceedings, so far as applicable, shall be the procedure provided in ORS 105.405, for the partition of real property, and the court granting such decree shall have in the first instance

---

[2] This statute, formerly ORS 107.105(5), was recently renumbered by Or Laws 1981, ch 775, § 1.

and retain jurisdiction in equity therefor." (Emphasis added.)

The emphasized language clearly contemplates that the right to a partition under this section is limited to a two-year period after the entry of the dissolution decree. The nature of the limitation, however, is unclear.

In *Killam v. Killam*, 251 Or 59, 444 P2d 479 (1968), we held that the two-year limitation set forth in the predecessor statute was not an absolute limitation on the right to partition jointly-held property within its scope. There, as here, the plaintiff had filed his partition suit under ORS 105.205 *et seq.* more than two years after entry of the dissolution decree which had created the joint ownership. We held that the limitation in ORS 107.105(6)'s predecessor merely barred the partition request from being brought as a supplemental proceeding within the prior dissolution suit, and that it did not bar or limit the plaintiff's right to seek partition under the general partition statutes. 251 Or at 61. Accordingly, ORS 107.105(6)'s two-year limitation does not of itself stand as a bar to plaintiff's separate suit here under ORS 105.205 *et seq.*

This case, however, presents the further question as to whether, within the context of a modification proceeding, the two-year limitation is jurisdictional or merely akin to a statute of limitation which is waivable. In the prior modification proceeding, plaintiff, though incidentally requesting a partition, properly alerted the court to the fact that the two-year limitation had run.[3] Defendant, however,

---

[3] Plaintiff's trial memorandum in the modification proceeding stated:

"* * * Clearly, [plaintiff] is entitled to one-half of the equitable value of the house, and the only question is what is the best avenue for [him] to proceed in order to obtain a division of the real property.

"As indicated above, [plaintiff] is requesting that partition of the dwelling be considered as a part of this modification proceeding. [Plaintiff] does feel compelled to remind the Court that such a request may not be proper due to the fact that this modification proceeding is sought more than two years after the entry of the Decree. ORS 107.105(5) is or may be controlling in this situation. [Statute quoted.] It may be this Court's decision that while this Decree is subject to modification, the provisions relating to the distribution or awards of the real property cannot be changed due to the above-mentioned statute. If indeed this is the case, then [plaintiff] would request a special finding in that regard thereby allowing him to request a formal partition of the property without facing a possible claim that the issue should have been litigated in this proceeding."

elected not to assert the limitation as a defense and defended the partition request on the merits. The trial court, as noted above, ruled that the dissolution decree provisions dealing with the subject property constituted a "division of property"; it then ruled (cryptically, in retrospect) that it had "no power to effect a partition" of the property. Did the trial court conclude (1) that because of the two-year limitation it lacked subject matter jurisdiction to partition, or (2) that, although the limitation was waivable and effectively waived, given the nature of defendant's interest and the relevent facts that, on the merits, it could not partition?

■ ■ Although it is not free from doubt, we agree with plaintiff that the trial court must have concluded that in a modification proceeding commenced more than two years after the dissolution decree, a court has no power under ORS 107.105(6) to effect a partition (i.e., that it has no subject matter jurisdiction) regardless of failure of the adverse party to interpose the defense.[4] Consequently, the modification proceeding was not a final adjudication of the merits of plaintiff's partition request and does not bar this

---

[4] Evidently, plaintiff raised the partition issue in the modification proceeding because he was unsure about the nature and effect of the dissolution decree provisions relating to the parties' real property — i.e., whether they were intended to effect a property distribution or whether they were in the nature of support. To the extent the provisions constituted support, they were subject to modification. ORS 107.135(1). To the extent, however, they constituted a property distribution, they were not modifiable. *See Garnett v. Garnett,* 270 Or 102, 105-106, 526 P2d 549 (1974); *Prime v. Prime,* 172 Or 34, 49-50, 139 P2d 550 (1943). Therefore, if the latter, the parties' respective property interests could not be affected except through a partition and the express terms of ORS 107.105(6) appeared to limit the modification court's authority to adjudicate that issue. As indicated by the quote set out in note 3 *supra,* plaintiff nonetheless raised the partition issue in modification proceeding for a clear determination of the "best avenue for [him] to proceed in order to obtain a division of the real property." The trial court's ruling that the decree provisions constituted a property division and that it consequently had "no power" to partition is consistent with the view that ORS 107.105(6)'s two-year limitation is a non-waivable substantive limitation on a modification court's powers. The trial court's use of the term "no power" is ambiguous, but it may have been intended to refer to ORS 107.135(1), which sets forth the "powers" of a trial court in a dissolution decree modification proceeding.

The posture of this case makes it unnecessary for us to address the question of whether the trial court in the modification proceeding was correct in its interpretation of ORS 107.105(6)'s time limitation. Its holding that it was without "power" to adjudicate the partition request was not appealed and is hence determinative on the issue between these parties.

separate and subsequent reassertion of his claim.[5] As we recently noted in *Rennie v. Freeway Transport*, 294 Or 319, 330-331, 656 P2d 919 (1982):

> "It is true, as a general proposition, that for a judgment to effect a preclusion of further litigation based on the same claim, it must be a final judgment 'on the merits.' *Sibold v. Sibold*, 217 Or 27, 32, 340 P2d 974 (1959); *Swingle v. Medford Irr. Dist.*, 121 Or 221, 253 P 1051 (1927). The term 'on the merits' connotes a final definitive decision as to the substantive validity of plaintiff's cause of action, in contrast to a ruling based wholly upon a procedural aspect of the case. Thus, where a court dismisses a plaintiff's action on a matter of procedure — *e.g.*, improper venue, lack of jurisdiction, or nonjoinder of an essential party — without ruling as to the substantive validity of plaintiff's claim for relief, that dismissal will not generally be *res judicata* so as to preclude subsequent action based on the same claim. *See* Restatement (Second) of Judgment § 20 [(1981)]."

In *Rennie* we held that a prior judgment barred on *res judicata* grounds a plaintiff's assertion of a related claim in the subsequent proceeding, notwithstanding the fact that the prior judgment could have been based on a finding of a lack of subject matter jurisdiction, where the claim asserted nonetheless could have been finally adjudicated in the prior proceeding. 294 Or at 332-333. Here, in contrast, the trial court's holding in the prior proceeding that it did not have jurisdiction to adjudicate plaintiff's partition claim effectively prevented plaintiff from having the merits of his claim addressed and resolved there. Therefore, the final order in the modification proceeding, being merely a procedural dismissal with regard to plaintiff's partition request, does not bar his reassertion of the claim in this separate and subsequent proceeding before a court which is competent to adjudicate it. We hold that the trial court below erred in ruling that the final order in the modification

---

[5] The final order in the modification proceeding is, however, binding on the parties with regard to the jurisdictional issue, regardless of its correctness, since that order was not appealed. *See* Restatement (Second) of Judgments § 20(1)(a), com. *b*, and § 27 (1982); Annot., 49 ALR2d 1036 (1956). Thus, although here plaintiff's claim may not be precluded on the merits, the prior final order would procedurally preclude plaintiff from reasserting it unless the jurisdictional facts changed or, as here, he is able to reassert the claim in a court which, unlike the prior one, is competent to adjudicate the claim.

proceeding constituted a bar to plaintiff's maintenance of this partition suit.[6]

This holding, however, does not resolve this case inasmuch as there is the further problem as to how to interpret the trial court's finding that the dissolution decree provisions relating to the parties' respective interests in the real property were tantamount to the creation of a life estate in defendant. In view of the court's ultimate ruling — viz., that "the judgment in the domestic relations suit bars the present partition proceeding" — its finding with regard to the life estate question is either dictum or, perhaps, an alternative rationale for its ruling. Neither party addressed the problem before the Court of Appeals and that court expressed no opinion on it.

■ Although the record is again anything but clear on the issue, we conclude that the "life estate" finding was not intended to be an alternative rationale for the court's judgment in favor of defendant.[7] The fact that defendant may have a life estate in the subject property does not make the property *per se* nonpartitionable. *See* ORS 105.205; *but see* ORS 105.265. Accordingly, we conclude that it is necessary to remand this case to the trial court for a determination of plaintiff's claim for partition.

---

[6] In *Rennie* we also held that the *res judicata* doctrine obligates a plaintiff to at least attempt to join all related claims against a defendant in one proceeding, to the extent procedurally possible, even though he or she may not have an absolute right to such joinder. 294 Or at 325-328. Defendant has argued here that plaintiff's failure to invoke the general jurisdiction of the circuit court in the prior modification proceeding or to attempt a consolidation of this partition suit with that proceeding, so as to have had the partition claim finally adjudicated together with the support modification question, implicates this principle. Although such a joinder or consolidation may have been procedurally feasible, since both proceedings were cognizable in the same circuit court, we do not think that the two proceedings were sufficiently similar in fact and law to warrant a conclusion that the principles of *res judicata* mandate their consolidated prosecution. The operative facts relevant to a partition are not the same as those relevant to a support modification and the remedies sought in each cannot be termed additional or alternative to the other.

Given these peculiar facts, a consolidated proceeding addressing both issues may have been convenient, but we refuse to hold here that such was required by the *res judicata* doctrine.

[7] We express no opinion as to the correctness of the trial court's conclusion that the decree provisions create a life estate for defendant in the parties' property.