Argued and submitted October 16, reversed on appeal, affirmed on cross-appeal
November 20, 1985

In the Matter of the Marriage of

ROUSSEAU,
*Respondent - Cross-Appellant,*
*and*

ROUSSEAU,
*Appellant - Cross-Respondent.*

(83-4-73; CA A33113)

709 P2d 764

Kenneth W. Saxon, Portland, argued the cause for appellant - cross-respondent. On the brief was Mary Vale Vitums, Portland. On the reply brief was James T. Marquoit, Portland.

JoAnn B. Reynolds, Portland, argued the cause for

respondent - cross-appellant. With her on the brief was Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

## ROSSMAN, J.

This is a post-dissolution contempt action initiated by wife. The parties were divorced in 1983. The property settlement agreement, which was incorporated into the decree, contained the following language regarding the sale of the parties' home:

> "The said real property shall be listed for sale and upon such sale, the existing mortgage to Oregon Department of Veteran Affairs shall be paid in full out of the proceeds of that sale. Wife shall be paid the sum of $35,000.00 after existing mortgage is paid and husband shall receive any remaining proceeds after wife receives said sum."

The house remains unsold. Wife brought this contempt action against husband on the allegation that husband is in violation of the provision, because of the inadequacy of his efforts to sell the home. At the conclusion of the hearing, the trial court found that neither party was at fault and did not make a finding of contempt against husband. However, the court proceeded to change the method of payment recited in the decree and ordered "that the decree should be reduced to a judgment in favor of [wife] in the amount of $35,000," not be subject to execution or to bear interest for six months from the date of judgment, at which time execution would issue. The judgment was not conditioned on the sale of the house.

The sole issue on appeal is whether the trial court had the power to modify the decree in the guise of interpreting it. We view this question as being strictly one of law.

Although a trial court retains jurisdiction to modify support orders, the longstanding rule in Oregon is that property division provisions of a settlement agreement and decree are beyond the power of the trial court to modify. *See Garnett v. Garnett,* 270 Or 102, 526 P2d 549 (1974); *Fitzgerald and Fitzgerald,* 70 Or App 625, 690 P2d 1114 (1984); *Anderson and Anderson,* 65 Or App 16, 670 P2d 170 (1983); *Moak and Moak,* 64 Or App 487, 668 P2d 1249 (1983); *Horesky and Horesky,* 30 Or App 941, 569 P2d 34 (1977); *Brown v. Brown,* 2 Or App 123, 467 P2d 119 (1970). The terms of the settlement are clear and unambiguous, and there has been no finding of fault or

wilfulness against husband.[1] We hold that the court lacked the power to modify the agreement by creating what amounted to a new judgment, different from that provided in the decree.

Wife cross-appeals, but her two assignments of error are rendered moot by our decision on husband's appeal.

Reversed on appeal; cross-appeal moot. Costs to appellant on appeal; no costs to either party on cross-appeal.

---

[1] We do not address what the trial court could have done if it had determined that husband's actions were wilful and had found him to be in contempt.