Argued and submitted February 9, reversed and remanded June 3, 1987

ABRAHAM,
fka Goff,
*Appellant,*

*v.*

GOFF,
*Respondent.*

(85-0630C; CA A40185)

737 P2d 971

Dan Van Thiel, Astoria, argued the cause and filed the brief for appellant.

John B. Lewis, Forest Grove, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In a dissolution judgment entered in 1973, the parties were given an undivided interest as tenants in common of 300 shares of stock in Hermiston Broadcasting Company. Husband was given the right to vote the stock and to exercise other incidents of management over it. Wife brought this action to partition the shares. Both parties moved for summary judgment. The trial court granted husband's motion. We reverse and remand.

Husband, relying on *Rousseau and Rousseau,* 76 Or App 528, 709 P2d 764 (1985), argued in the trial court that the court had no power to modify the property division provisions of the dissolution judgment. He contended that the judgment awarded him the right to vote the stock and exercise other incidents of management over the stock and that, if wife's request to partition were granted, the effect would be to award her rights not given to her in the judgment, thereby modifying the property distribution. The trial court agreed.

*Rousseau* involved a post-dissolution contempt action brought by a wife when the husband failed to sell real property from which she was supposed to be paid $35,000. The trial court refused to hold the husband in contempt but modified the judgment to give her a $35,000 judgment which was not conditioned on the sale of the real property. We held that the trial court could not modify the judgment under the guise of interpreting it. *Rousseau* does hold that the property division provisions of a dissolution judgment may not be modified. However, it does not hold that a person is precluded from ever seeking a partitioning of real or personal property included in a property distribution.

There are two procedures available for obtaining a partition of property included in a dissolution judgment. ORS 107.105(6) allows a party to file a supplemental proceeding, as a part of the dissolution, seeking partitioning of real or personal property. Such an action must be filed within two years of entry of the judgment. A separate proceeding may also be brought under the general partitioning statutes, ORS 105.205 *et seq,* when real property is involved, or pursuant to the court's equitable power, if personal property is involved. *Killam v. Killam,* 251 Or 59, 444 P2d 479 (1968).

■ The fact that the result of the partitioning may have impacts on the parties' use and ownership of the jointly owned property does not preclude a separate partitioning proceeding. *Hellesvig v. Hellesvig,* 294 Or 769, 662 P2d 709 (1983); *Killam v. Killam, supra.* In *Killam,* as part of the dissolution property settlement, the parties were joint beneficiaries in a trust which owned a boat, each having certain rights and obligations in regard to the boat. The husband filed for a partition. Even though the parties' rights and obligations regarding the boat were affected, the court ordered a sale of the boat with adjustments of the parties' interests by an accounting. In *Hellesvig,* as a result of the dissolution judgment, the husband had a life estate in real property. The Supreme Court held that the life estate did not make the property *per se* non-partitionable.

■■ The fact that a partitioning of the stock may affect husband's voting and management rights does not preclude a partitioning of the stock. Whether a partition is warranted and under what conditions, including whether husband should be compensated for the impact on his voting and management rights, are matters for the trial court to determine in the partitioning proceeding. *See Hurst v. Hall,* 281 Or 113, 116, 574, P2d 311 (1978); *Fike v. Sharer,* 280 Or 577, 571 P2d 1252 (1977). We remand for determination of wife's claim.

Reversed and remanded.