Argued and submitted September 2, order modifying dissolution judgment to award judgment to husband vacated October 28, 1987

In the Matter of the Marriage of

MURRAY,
*Respondent,*
*and*

MURRAY,
*Appellant.*

(86-09-30151; CA A41752)

744 P2d 1005

E. Jeff Jeffery, La Grande, argued the cause and filed the brief for appellant.

Michael W. Peterkin, La Grande, waived appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this dissolution case, husband appeals from an order clarifying the final judgment and granting wife a money judgment. We reverse.

The judgment dissolving the marriage was entered on February 26, 1986. As part of the property settlement, the judgment ordered husband to pay the balances due, as of January 28, 1986, on certain credit card accounts and a loan from a credit union. No money judgment was awarded either party. More than three months later, wife moved for clarification of the judgment. On September 18, 1986, the trial court modified the property settlement provision of the dissolution judgment to award wife a money judgment against husband. Husband appeals from that order,[1] assigning two errors.

Husband first contends that the trial court erred in denying his motion to dismiss for lack of jurisdiction, because service was not accomplished in accordance with ORCP 7. Husband's attorney was served with a copy of wife's motion by mail, and husband does not contend that he did not have actual notice of the clarification proceedings. We hold that husband received adequate notice under ORCP 7, because the service on his attorney was "reasonably calculated, under all the circumstances, to apprise [him] of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7D(1). Furthermore, even if the service on husband's attorney by mail is not a method provided in ORCP 7, we "disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued." ORCP 7G; *see Lake Oswego Review v. Steinkamp,* 298 Or 607, 614-15, 695 P2d 565 (1985). Husband's substantive rights were not materially prejudiced. The trial court did not err.

Husband next contends that the trial court erred in modifying the property provisions of the judgment by the clarification order, and we agree. It is well settled that a trial court lacks the power to modify the property division portions of a final judgment dissolving a marriage. *Rousseau and*

---

[1] The order is reviewable on appeal as "[a] final order affecting a substantial right, and made in a proceeding after judgment or decree." ORS 19.010(1)(c).

*Rousseau,* 76 Or App 528, 530, 709 P2d 764 (1985); *see Pope and Pope,* 301 Or 42, 718 P2d 735 (1986). The trial court did just that in its clarification order by awarding a money judgment to wife.

Order modifying dissolution judgment to award judgment to wife vacated. Costs to husband.