Argued and submitted February 15, affirmed April 5, 1989

MILLER,
fka Fulop,
*Respondent,*

*v.*

FULOP,
*Appellant.*

(A8711-07257; CA A49423)

771 P2d 645

William E. Hurley, Portland, argued the cause and submitted the briefs for appellant.

Kerry Chipman, Portland, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals a judgment awarding plaintiff $48,000 and dismissing his counterclaim with prejudice. We affirm.

Plaintiff sought a judgment on a promissory note that had been executed by defendant in favor of plaintiff during the parties' marriage, and which had been awarded to plaintiff as a part of the property settlement in the parties' 1985 dissolution. Defendant's counterclaim alleged that plaintiff had not complied with the terms of the dissolution judgment and, as a result, defendant had been damaged in an amount exceeding the amount of the note. The trial court dismissed the counterclaim on the ground that it must be adjudicated in the dissolution proceeding.

Defendant argues that the effect of the trial court's action is to require him to pay for the full benefit of property awarded to plaintiff in the dissolution judgment and to "forever" foreclose him from showing that she has failed to abide by that judgment. Plaintiff counters that the note was awarded to her as her separate property and constitutes a debt independent of the dissolution judgment. She contends that defendant's counterclaim is an attempt to modify the property judgment by seeking a monetary award where none was originally granted.

We agree with plaintiff. The trial court did not have the power to modify the provisions of the dissolution judgment in a different proceeding. *Spady v. Graves,* 306 Or 660, 763 P2d 151 (1989); *Rousseau and Rousseau,* 76 Or App 528, 709 P2d 764 (1985). That would be the effect of defendant's counterclaim, which is based on the dissolution judgment that awarded the parties undivided interests as tenants in common in two parcels of real property.[1] The judgment anticipated that the properties would be sold, and the financial responsibilities for the properties was apportioned between the parties. Defendant cannot now substitute a money judgment for those provisions. *See Murray and Murray,* 88 Or App 143, 744 P2d 1005 (1987).

---

[1] Defendant also alleged that plaintiff had disposed of personal property which had been awarded to him.

In contrast, the promissory note was awarded "in full force and effect" to wife. The legal rights and obligations under the note do not depend on the underlying dissolution judgment. Plaintiff had an independent right to bring an action on the note in order to obtain a judgment.

Defendant's purported lack of a remedy is not because of the dismissal of his counterclaim but because of his failure to pursue available remedies. He has not sought any property remedy such as partition. *See Abraham v. Goff,* 85 Or App 595, 737 P2d 971 (1987). Although he claims that plaintiff has failed to comply with the terms of the dissolution judgment and that that failure has resulted in damage, he has not initiated an action for contempt. *See Fitzgerald and Fitzgerald,* 70 Or App 625, 690 P2d 1114 (1984). His remedies must be in accordance with the provisions of the dissolution judgment. He may not seek a remedy by a counterclaim in this separate proceeding when the effect of that counterclaim would be to change those provisions.[2]

Affirmed.

---

[2] Defendant is concerned that he may be "forever" precluded from seeking any relief, because the trial court's dismissal was with "prejudice." However, that ruling cannot prevent defendant from pursuing his claim in the proper forum.