Argued and submitted January 22, 1991, reversed and remanded; motion to dismiss denied January 22, reconsideration denied March 18, petition for review denied April 28, 1992 (313 Or 211)

Cynthia WEBER,
fka Cynthia Galton,
*Appellant,*

*v.*

Sidney Alan GALTON,
*Respondent,*

*and*

FIRST INTERSTATE BANK
OF OREGON,
*Defendant.*

(A8903-01221; CA A64190)

824 P2d 1166

Dana R. Taylor, Portland, argued the cause for appellant. With him on the briefs was Hagen, Dye, Vial & Hirschy, P.C., Portland.

Charles F. Hinkle, Portland, argued the cause for respondent. With him on the brief were Sidney A. Galton and Stoel, Rives, Boley, Jones & Grey, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is an action to partition real property under ORS 105.205 *et seq*. Although a division of the proceeds of the sale of the property was originally provided for in the judgment of dissolution, this appeal is from the third proceeding initiated by wife to force a sale of the property. She appeals from a summary judgment given on the ground that her action is barred by collateral estoppel and *res judicata* and from an order granting husband attorney fees. We reverse both the summary judgment and the award of attorney fees.[1]

The parties were divorced in 1980, and the judgment incorporated a Marital Settlement Agreement (agreement). Paragraph 8 provides, in part:

"Husband shall continue to live in the family home * * *, until such time as the home is sold. Proceeds of the sale of said home shall be divided as follows: Husband shall recapture his initial investment of $25,000. Thereafter, the net proceeds shall be divided equally between the parties, after the payment of any taxes and sales related expenses."

In wife's first proceeding after the dissolution, filed in 1985, she obtained an order to show cause ("show cause proceeding"), asking the court to interpret paragraph 8 to require husband to sell the home and divide the proceeds with her. The court found that paragraph 8 was unambiguous and that its terms did not require husband to sell the home. We affirmed without opinion. *Galton and Galton*, 92 Or App 96, 757 P2d 877, *rev den* 306 Or 660 (1988).

While wife's appeal in *Galton and Galton* was pending in 1987, she filed a second proceeding, seeking to partition the property under ORS 105.205 *et seq* ("first partition action"). The trial court granted husband's motion to dismiss the complaint on the ground that another action was pending between the same parties for the same cause, *i.e.*, to force a sale of the property. ORCP 21A(3). In 1989, wife started the present proceeding, again seeking partition. The trial court granted husband a summary judgment on the basis that both the show cause proceeding and the ORCP 21A(3) dismissal preclude wife, on *res judicata* and collateral estoppel grounds,

---

[1] Because we reverse the trial court's summary judgment, husband's attorney fees award is automatically vacated.

from bringing this proceeding. It also awarded him $15,000 in attorney fees, because wife had brought the case "in bad faith, wantonly, or solely for oppressive reasons." ORS 20.105. Husband remains in possession of the property.

Wife argues, first, that the trial court erred in granting summary judgment.[2] Wife contends that the show cause proceeding does not bar the present one by issue preclusion,[3] because the partition issue was not "actually litigated and necessarily determined" in the prior proceeding. *See Drews v. EBI Companies, supra* n 3, 310 Or at 139; *Hellesvig v. Hellesvig*, 59 Or App 356, 650 P2d 1072 (1982), *affirmed* 294 Or 769, 662 P2d 709 (1983). According to wife, the only issue before the court in the show cause proceeding was whether the dissolution judgment required husband to sell the property. She contends that the court's decision against her on that issue could not restrict her from seeking partition.

In a partition action under ORS 105.205, the court must determine whether the parties are tenants in common and, if so, whether a partition in kind or a forced sale is warranted.[4] *See generally, Fike v. Sharer*, 280 Or 577, 571 P2d 1252 (1977); *Abraham v. Goff*, 85 Or App 595, 598, 737 P2d 971 (1987). Only tenants in common can institute a partition action. *Schwab v. Schwab*, 86 Or App 461, 464, 739

---

[2] During the pendency of this appeal, husband moved to dismiss with respect to wife's first and second assignments of error. Husband argues that those assignments, which relate to wife's claim for partition, are moot because of our holding in *Hernandez and Hernandez*, 108 Or App 725, 816 P2d 1211 (1991), where we considered a husband's judgment lien against the family home, "payable ten years after entry of the judgment, one year after wife's remarriage, or upon wife's death." We held that, because the husband did not renew the judgment within ten years of its entry, his claim against the property had expired pursuant to ORS 18.360. In the present case, husband argues that, because wife did not renew the dissolution judgment incorporating the property division and more than ten years have passed since its entry, the judgment has expired. The enforceability of the judgment has nothing to do with whether wife may seek partition.

[3] We will use the terms "issue preclusion," not collateral estoppel, and "claim preclusion," not *res judicata. See Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990).

[4] ORS 105.205 provides, in part:

"When several persons hold real property as *tenants in common*, * * * any one or more of them may maintain a suit for the partition of the real property according to the respective rights of the persons interested therein, and for a sale of all or a part of the property if it appears that a partition cannot be had without great prejudice to the owner."

P2d 1065, *rev den* 304 Or 150 (1987). Wife contends that, in the show cause proceeding, because the trial court was asked only to construe paragraph 8, the issue of the parties' respective interests in the property was not before the court.

In *Schwab*, we construed a dissolution judgment, similar to the one here, that provided that the husband would retain and own the marital home and "when said property is sold, that half of the assets would go to [wife]." We reversed the trial court's ruling that the judgment created a tenancy in common and said:

> "We do not agree with the trial court that the dissolution judgment here is ambiguous. Although it is not clear what kind of interest the dissolution court intended to award [wife] in the *proceeds* of the sale, the fact that she has some undefined interest in those proceeds, should [husband] decide to sell the property, does not render the decree's disposition of the real property subject to more than one interpretation. The decree unambiguously awarded [husband] title to the property. Because [wife] is not a tenant in common, she is not entitled to a partition." 86 Or App at 464. (Emphasis in original.)

This case is distinguishable. During the marriage, the parties owned the property as tenants by the entirety. After the dissolution, their ownership became, by operation of law, a tenancy in common, in which each party owns a separate, undivided one-half interest. Despite what may have been an attempt in the judgment to transfer the parties' undivided interests to husband alone, the judgment did not accomplish that. The only issue decided by the court in the show cause proceeding was that, under the dissolution judgment, husband had the right to live in the home until it is sold. Unlike in *Schwab*, judgment did not contain words of conveyance or disposition, nor did it award husband title to the property. Accordingly, we conclude that the partition issue was not "actually litigated and necessarily determined" in the show cause proceeding.

Wife also argues that the show cause proceeding does not bar the present proceeding by claim preclusion, because ORS 107.105(6) precluded her from joining a partition claim in that proceeding. *See Rennie v. Freeway Transport*, 294 Or

319, 323-24, 656 P2d 919 (1982). ORS 107.105(6) provides, in part:

> "If, as a result of a suit for the annulment or dissolution of a marriage or for separation, the parties to such suit become owners of an *undivided interest* in any real or personal property, or both, either party may maintain supplemental proceedings by filing a petition in such suit for the partition of such real or personal property, or both, within two years from the entry of said decree." (Emphasis supplied.)

ORS 107.105(6) provides a time limit for partition proceedings connected to the original dissolution judgment, *if the parties are tenants in common.* Because the parties here are tenants in common, the statute did not preclude either of them from bringing a separate partition action under ORS 105.205 — as wife has now done — after the two-year limit on filing a partition action in the dissolution proceeding had passed. *See Abraham v. Goff, supra,* 85 Or App at 597. Accordingly, we hold that the trial court erred in granting husband's motion for summary judgment on that ground.

■   Wife also argues that the first partition action does not bar the present proceeding by either claim or issue preclusion, because that proceeding was dismissed on procedural grounds and not on the merits. We agree. The trial court's order dismissed the first partition action "while [the appeal from the show cause proceeding] is pending." That language was, arguably, just a temporary bar to wife's ability to bring a partition action under ORS 105.205 *et seq.* It did not, by its terms, preclude her from refiling a partition action after the final resolution of the show cause proceeding. Accordingly, the trial court erred in granting husband's motion for summary judgment.[5]

Reversed and remanded; motion to dismiss denied.

---

[5] Husband also raises what appears to be a cross-assignment that the trial court erred in denying his motion for summary judgment on his defense of equitable estoppel. He argues that, even if wife is not barred by issue or claim preclusion from bringing the present action, she is barred by equitable estoppel. The trial court addressed the issue:

> "In my own mind I feel I'm unable to rule as a matter of law on the equitable estoppel issue. I think there are issues of fact there, so both motions will be denied as respects the issue of equitable estoppel."

When this matter is tried on remand, husband may raise his defenses.